[Civ. No. 2455.   Fourth Appellate District.—June 3, 1940.]

FARMERS AUTOMOBILE INTER–INSURANCE EX-CHANGE, Respondent, v. G. F. CALKINS et al., Appellants.

Lasher B. Gallagher and A. J. Getz for Appellants.

Fred A. Wilson for Respondent.

MARKS, J.—This is an appeal from a judgment canceling a policy of insurance issued by plaintiff to G. F. Calkins under date of August 28, 1934, because of fraud, misrepresentation and concealment on the part of Calkins in making his application for the policy protecting him against liability on his automobile.

In his application Calkins stated that his occupation was that of "Rancher", and in answer to the question, "For what purpose is car used?", he replied that his automobile was used for "Business and pleasure". It is admitted that these statements were warranties. The policy contained a provision that it should be void if the insured "concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, or if the insured or his agent shall make any attempt to defraud the Exchange either before or after the loss".

The trial court found that Calkins warranted and represented to plaintiff that his occupation was that of rancher and that the automobile was used by him for business and pleasure as such rancher; that Calkins was in fact an agent and employee of the Fontana County Fire Protection District (hereafter called the district) and was a fireman employed by that district; that he used his automobile as such public agent and employee of the district; that on June 8, 1935, while using his automobile as such fireman in responding to a fire call, it came into collision with an automobile driven by defendant Johnson, causing both property damage and personal injuries for which Johnson recovered judgment against Calkins and the district; that on July 8, 1935, plaintiff notified Calkins that it had cancelled and rescinded the policy and tendered him the premium he had paid. The numerous other findings need not be particularized.

On October 3, 1935, Johnson commenced an action against Calkins and the district in which he sought to recover damages for his injuries. He alleged that in driving the automobile at the time of the accident, Calkins was the agent, servant and employee of the district acting within the scope of his employment. This was admitted in the answers. The judgment which Johnson recovered against both defendants has long since become final. This judgment has not been paid. Johnson instituted an action against the district and others to compel the district to pay the judgment, or, the

officers of the district to levy a tax sufficient to raise the money to pay it. He has been successful in that proceeding. (*Johnson* v. *Fontana County Fire Protection Dist.,* 15 Cal. (2d) 380 [101 Pac. (2d) 1092].)

In the Johnson case just cited the Supreme Court considered and decided two questions of law that are important here. (1) That the district falls within the classification of a "district established by law" so that under the provisions of the former section 1714½ of the Civil Code (sec. 400, Vehicle Code) it is liable for the negligent use of an automobile in the performance of its governmental functions; and, (2) that the district was estopped by the judgment against it in the Johnson damage action to deny that Calkins was its employee and on its business at the time Johnson was injured.

In reaching these conclusions the Supreme Court reviewed the organization of the district under the act of the legislature (Stats. 1923, p. 431; amended, Stats. 1925, p. 671; amended, Stats. 1931, p. 1599) authorizing its creation and government.

In 1928 the board of supervisors of San Bernardino County appointed five citizens to act as a board of fire commissioners of the district, having, generally, powers of management of its affairs. This board seemingly continued to function until after the accident in which Johnson was injured although all authority of law for the existence of such a board had been removed from the statute by the amendment of 1931 (Stats. 1931, p. 1599) which vested the management of the affairs of the district in the board of supervisors of San Bernardino County where such powers have remained ever since.

It would appear that the board of fire commissioners appointed Earl B. Reeves as chief of the fire department of the district. When that appointment was made does not appear. Reeves appointed Calkins a volunteer fireman probably in 1933. Neither Reeves nor Calkins were appointed by the board of supervisors nor did that body ever authorize anyone to appoint either of them. As Calkins was not appointed a volunteer fireman of the district by anyone possessing authority to make such an appointment it would seem to follow that he was never an actual and qualified volunteer fireman of the district who could become its agent and employee;

that whatever service he performed in connection with fires in the district was a community service as a volunteer citizen who was interested in the welfare of the district and its property owners. This is strongly suggested by the Supreme Court in the Johnson decision above cited. It was there held that, because of the estoppel of the judgment in the Johnson damage action, the district could not, in that case, maintain that Calkins was not its employee at the time of the accident.

Counsel argue two questions: (1) Was Calkins the agent, servant or employee of the district at the time Johnson suffered his injuries? (2) Was the notice of rescission of the policy signed by a duly authorized agent of plaintiff and was the tender of the premium to Calkins sufficient?

Because of the view we take of the case we do not consider answers to these questions necessary. Therefore, we will assume, without holding, that both questions should be answered in the affirmative.

It should be observed that plaintiff sought cancellation of the policy issued to Calkins because of his fraud, concealment and misrepresentations by stating in his application that his "occupation" was "rancher" and that his automobile was used for "business and pleasure", without disclosing that he was employed as a volunteer fireman by the district and used his automobile in that employment.

There is strong presumption of innocence of fraud and the burden of proving these allegations rested heavily on the plaintiff. As was said in *Everett* v. *Standard Acc. Ins. Co.*, 45 Cal. App. 332 [187 Pac. 996]: "The presumption is always against fraud. This presumption approximates in strength that of innocence of crime. (*Truett* v. *Onderdonk*, 120 Cal. 581, 588, [53 Pac. 26].) One who seeks relief from fraud must allege it and prove it by clear and satisfactory evidence. A mere suspicion of fraud is not sufficient."

We should also observe that we are considering an application for insurance and an insurance policy which were prepared by plaintiff and which must be strictly construed against it. As was said in *Witherow* v. *United American Ins. Co.*, 101 Cal. App. 334 [281 Pac. 668]:

"We are considering an instrument which we are justified in assuming was prepared by the insurance carrier and under which it is attempting to escape liability under its

insurance policy and work a forfeiture of the same. 'It is well established that conditions which provide for a forfeiture of the assured or other persons claiming under the policy are to be strictly construed against the insurance company, and if there is any ambiguity in a policy which may reasonably be solved by either one of two constructions, the interpretation shall be adopted which is most favorable to the assured, or in this particular case to the beneficiary in the deed of trust.' (*Welch* v. *British American Assur. Co.*, 148 Cal. 223 [113 Am. St. Rep. 223, 7 Ann. Cas. 396, 82 Pac. 964, 965].) In the case before us the court is not required to give any more liberal interpretation to the language of the mortgage clause than its strict construction requires."

The only representations made by Calkins concerning his occupation and the purpose for which his car was used were contained in his application for insurance. He there stated that his occupation was "Rancher" and that he used his car for "business and pleasure" not "for business and pleasure purposes *as such rancher*" as is alleged in the complaint and as is found by the trial court. The italicized words find no support in the record.

The sole question necessary for our decision is this: Were the statements made by Calkins, that his occupation was that of rancher, and that his car was used for business and pleasure, untrue; and in making them did he conceal material facts that misled and tended to defraud plaintiff?

The answer to this question depends on the generally accepted definitions of the word "occupation".

" 'Occupation', . . . as understood commonly, will signify a vocation, calling, trade,—the business which one principally engages in to procure a living or to obtain wealth." (*State* v. *Austin Club*, 89 Tex. 20 [33 S. W. 113, 30 L. R. A. 500].) It has been repeatedly held that a person's principal business and chief means of obtaining a livelihood is his occupation; that the term as generally understood, does not include an isolated or semi-occasional and temporary adventure in another line of endeavor. (See *Union Mutual Acc. Assn.* v. *Frohard*, 134 Ill. 228 [25 N. E. 642, 23 Am. St. Rep. 664, 10 L. R. A. 383]; *Love* v. *State*, 31 Tex. Cr. App. 469 [20 S. W. 978]; *Kenny* v. *Bankers' Acc. Ins. Co.*, 136 Iowa, 140 [113 N. W. 566]; *Village of Dodge* v. *Guidinger*, 87 Neb.

349 [127 N W. 122, 138 Am. St. Rep. 494] ; *Everson* v. *Gen. Fire & Life Assur. Corp.*, 202 Mass. 169 [88 N. E. 658] ; *Supreme Lodge* v. *Baker*, 163 Ala. 518 [50 So. 958] ; *Evans* v. *Woodman Acc. Assn.*, 102 Kan. 556 [171 Pac. 643, L. R. A. 1918D, 122] ; *Industrial Commission of Ohio* v. *Roth*, 98 Ohio St. 34 [120 N. E. 172, 6 A. L. R. 1463] ; *People* v. *DeRose*, 230 Mich. 180 [203 N. W. 95] ; *Union Health & Acc. Co.* v. *Anderson*, 66 Colo. 195 [180 Pac. 81] ; *Central Business Men's Assn.* v. *Faith*, 8 Fed. (2d) 325; *Benefit Assn.* v. *Secrest*, 239 Ky. 400 [39 S. W. (2d) 682].)

In *Everett* v. *Standard Acc. Ins. Co.*, *supra*, the court said : ''The word 'occupation' means the principal business in which a man engages.'' This case must be considered as controlling on the question before us. There the insured represented to the insurer that his occupation was ''superintendent of the West Redlands Company, a mutual irrigation company'', and also ''an orange grower with supervising duties only''. It was proved that occasionally he performed small tasks of repairs on the water distributing system and that ''he did some manual labor in and about the groves and around his home place'' consisting of light work. The insurance company was held liable on the policy because the occupation of the insured was correctly stated and the fact that he occasionally did small jobs involving manual labor did not change the nature of his occupation.

The uncontradicted evidence shows that Calkins received 14 calls consuming a total of 20 hours and 4 minutes in 1933, 12 calls consuming 12 hours and 36 minutes in 1934, and 17 calls consuming 14 hours and 34 minutes in 1935, or a total of 47 hours and 14 minutes used in duties as a fireman in three years. He received $1.25 for the first hour, and $1 for each additional hour or fraction thereof. It would seem that he received less than $100 for his services as fireman during the three-year period.

Calkins testified that his occupation during the years 1933, 1934 and 1935 was that of rancher. There was no evidence contradicting this testimony. It seems to us that it would have been a gross misrepresentation if, in his application for insurance, he had given his occupation as volunteer fireman.

It was incumbent on plaintiff to prove untrue the statement in the application that Calkins' occupation was that of rancher. This it failed to do for the evidence of Calkins

on that subject stands uncontradicted. He answered the next question in the application by giving the information that he used his car for business and pleasure. This was not proven to be untrue. If he had the business of occasionally acting as volunteer fireman, and if he used his car in that business, his answer would still be true. He was not asked on what kind or kinds of business he used it.

Had plaintiff desired to know each particular business in which the automobile was used, such questions could have been included in the application. This was not done. The failure to inquire into that subject indicates an entire lack of interest in it. In fact certain rules of plaintiff introduced in evidence support this supposition because those rules do not specify the use of Calkins' car by a volunteer fireman among the uses which were not acceptable for insurance.

The only evidence in the record indicating that the use of the car as a vehicle for a volunteer fireman was not acceptable to the insurer is the evidence of one of its officers which was received over the strenuous objections of defendants. In *Everett* v. *Standard Acc. Ins. Co., supra,* it was held that such evidence was inadmissible.

We find nothing in the record to indicate that Calkins' statements that his *occupation* was that of *rancher* and that he used his automobile for *business and pleasure,* were false. In fact all the evidence shows them to be true. It follows that the findings are not supported by the evidence and that the judgment cannot be sustained.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.