EHRKE, Appellant, v. NORTH AMERICAN
LIFE & CASUALTY CO. OF MINNEAPOLIS, Respondent

(24 N. W.2d 640)

(Files Nos. 8862-8863. Opinion filed October 28, 1946.)

**E. B. Harkin,** of Aberdeen, for Appellant.

**Van Slyke & Agor,** of Aberdeen, for Respondent.

ROBERTS, J.   This action was brought against the North American Life and Casualty Company by the plaintiff claiming indemnity for loss of time occasioned by sickness and for hospital and surgical expenses incurred for an appendectomy operation.   Judgment was rendered in favor of the plaintiff for the expenses incurred.   Plaintiff appealed claiming that she was also entitled to recover for loss of time occasioned by sickness, and defendant appealed claiming that the expenses incurred were for an operation not included within the terms of the policy.

■   The error asserted and set forth by defendant is that the evidence· is insufficient to support certain findings made by the court.   Plaintiff contends that the question is not before us for review because defendant did not properly preserve it.   The question of the sufficiency of the evidence to sustain such findings was never presented to the trial court and for this reason cannot be considered on appeal. Chambers v. Wilson, ·67 S. D. 495, 294 N. W. 180.

The sole question presented by the record in the case at bar is whether the policy provided indemnity for loss of time occasioned by sickness.   The court found that the plaintiff because of sickness "suffered loss of time from her regular employment in the sum of one hundred and eight dollars," but concluded that such loss was not within the policy coverage.

The insuring clause of the policy insures "against loss due to Hospital Residence and Surgical Operation Expense caused by accidental bodily injuries * * * referred to as 'such

injury' **and loss necessitated by sickness caused by disease**
(emphasis supplied) * * * referred to as 'such sickness', sub-
ject to the provisions and exceptions" contained in the poli-
cy. Part I of the policy provides that if "such injury" or
"such sickness" shall necessitate hospital treatment the com-
pany will reimburse the insured in an amount not to exceed
$3.50 per day for the period insured shall necessarily be a
resident patient, but not exceeding twenty-eight days and
also specifically sets forth the maximum amounts payable
to insured for other hospital expenses. In Part III of the
policy, the following provisions precede a schedule of maxi-
mum amounts payable for surgical services: "If as a result
of 'such injury' or 'such sickness' the Insured shall necessari-
ly undergo a surgical operation named in the Schedule of
Surgical Operations appearing in this policy, the Company
will pay the Insured in addition to any other benefit pro-
vided under this policy, the sum set forth in said schedule;
provided, however, that the Company will pay for but one
surgical operation for any one sickness or accident. The
limit of payment shall be the largest sum specified in the
Schedule for any one of the operations performed."

Plaintiff predicates her claim to indemnity for loss
of time upon the words in the insuring clause providing in-
demnity against "loss necessitated by sickness caused by
disease." Counsel for plaintiff contends that if there is
any uncertainty of ambiguity in the contract of insurance
it must be construed most strongly against the insurer
and in favor of the insured. This principle of law
relied upon by plaintiff is firmly established in this jurisdic-
tion. Miller v. Queen City Fire Insurance Co., 47 S. D. 379,
199 N. W. 455, 35 A. L. R. 263; Hemmer-Miller Dev. Co. v.
Hudson Ins. Co., 59 S. D. 129, 238 N. W. 342; Thompson v.
State Automobile Ins. Ass'n, 70 S. D. 412, 18 N. W.2d 286.

It is claimed by defendant that the following state-
ment printed at the top of the page immediately preceding
the contract is a summary of the coverage provided: "This
Policy Provides Indemnity for Loss Due to Hospital Resi-
dence and Surgical Operation Expense, Caused by Accidental
Bodily Injuries or Caused by Sickness, All to the Extent

Herein Limited and Provided." The same statement appears on the back of the policy and following this statement there also appears in small type the words "Hospital and Surgical Operation Expense Policy." No reference is made to these statements in the policy and they do not constitute a part of the insurance contract. They represent merely a construction which the company has placed upon the terms of the policy and are not binding upon the insured. 29 Am. Jur., Insurance, § 174; Hill v. Travelers' Ins. Co., 146 Iowa 133, 124 N. W. 898, 28 L. R. A., N. S., 742; Burbank v. Pioneer Mutual Ins. Co., 60 Wash. 253, 110 P. 1005, Ann. Cas. 1912B, 762.

■ We will next consider defendant's contention that when the whole policy is read and considered and particularly when the language of the insuring clause above quoted is construed with Parts I and III the policy is only susceptible of the interpretation that the only loss on account of sickness which the company intended to insure was "loss due to Hospital Residence and Surgical Operation Expense * * * necessitated by sickness caused by disease." The contention is thus stated by defendant: "The policy goes into rather minute and careful detail as to what items of hospital and surgical expense the company will pay. It will be noted, for example, that the company limits its liability to a total of 28 hospital days at not exceeding $3.50 per day. Could anyone possibly suppose, in view of all of these limitations on these items of expense, that the policy was intended to give unlimited coverage for loss of time resulting from sickness, regardless of the amount of wages insured might be earning, and regardless of whether or not that loss of time might extend for weeks or months or years?" Contracts are made to express the intention of the parties. If in the insuring clause the company intended only to indemnify against loss due to hospital and surgical expense why should the word "loss" relating to such expenses caused by accidental injuries be conjoined with the word "loss" relating to disability caused by sickness without reference to hospital and surgical expense? There is no right to interpret this language as meaning something different from what the parties intended as expressed thereby. To say the least, the liability of the

insurer is not expressed plainly and without ambiguity. The coverage for hospital and surgical expenses is limited by language found in Parts I and III of the policy, but it cannot be said that because of these limitations the defendant company did not intend to indemnify against loss of time under the broad language contained in the insuring clause.

The judgment is reversed and the cause is remanded with directions to enter conclusions of law and judgment in conformity with this opinion.

WOHLHETER, Circuit Judge, sitting for POLLEY, J.

SMITH and SICKEL, JJ., and WOHLHETER, Circuit Judge concur.

RUDOLPH, Presiding Judge (dissenting).

SDC 31.1701 provides: "No policy of insurance against loss or damage from the sickness or the bodily injury or death of the insured by accident shall be issued or delivered to any person in this state unless it conforms to the following: * * * (5) A brief description of the policy must be printed on its first page and also on its filing back in type of which the face shall not be smaller than fourteen point; * * *"

In conformity with the above statutory requirement there was printed in boldfaced type upon the policy here involved upon its filing back and also on the first page the following: "This policy provides indemnity for loss due to hospital residence and surgical operation expense, caused by accident, bodily injuries or caused by sickness all to the extent herein limited and provided."

In view of the fact that the law, SDC 31.1512, requires that the form of this insurance policy be filed with and approved by the Commissioner of Insurance, it should not be held, in my opinion, that this description of the policy which the law requires constitutes merely a construction which the company has placed upon the terms of the policy. Even conceding that this description does not become a part of the policy, nevertheless, it is mandatory under our law and should not be ignored when a court seeks to determine the object and intent of the parties in entering into the insur-

ance contract. Without mentioning any such statutory requirement the Indiana court held in the case of Hessler v. Federal Casualty Co., 190 Ind. 68, 129 N. E. 325, 327, 14 A. L. R. 1329: "In construing a policy of accident insurance, words printed on the back of the policy purporting to sum up what is embraced by it, constitute a part of the contract and are to be taken into consideration in its construction."

The policy provides for "loss necessitated by sickness * * * subject to the provisions and exceptions hereinafter contained." The provisions contained in the policy relate only to surgical and hospital expenses. When the parties made the loss due to sickness subject to provisions of the policy which relate only to surgical and hospital expense, I cannot conclude that it was intended the policy should cover without limitation all loss due to sickness. Reading the entire contract, together with this description which the law requires, it seems to me apparent that the purpose and intent of the parties was a contract insuring against loss due to hospital rsidence and surgical operation, and when the term "loss" was used with reference to sickness in the insuring clause, it was used with this limited meaning. "Contracts of insurance, like other contracts, must receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties." 29 Am. Jur., Insurance., § 158. To hold that the parties here intended a contract insuring against any and all loss, whether direct or indirect, due to sickness, seems to me to be neither a practical, fair nor reasonable interpretation of this contract. I, therefore, respectfully dissent.