Oscar F. ERICKSON, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a corporation, Defendant.

No. 33005.

United States District Court, N. D. California, S. D.

Nov. 30, 1954.

Paul Friedman, San Francisco, Cal., for plaintiff.

Healy & Walcom, San Francisco, Cal., for defendant.

HAMLIN, District Judge.

This is an action to recover upon an automobile insurance policy issued by the defendant, Allstate Insurance Company, to the plaintiff, Oscar F. Erickson. The defendant seeks to avoid liability by de-

claring the policy void from the date of issuance because of the alleged falsity of a material representation made by the plaintiff in the policy, which alleged false representation was relied upon by the defendant in issuing the policy to the plaintiff.

■ The representation in question is one of the printed "Declarations" on the "Supplement Page" of the policy, and reads as follows: "During the past two years, with respect to the named insured or to any member of his household, no insurer has cancelled or refused any automobile insurance nor has any license or permit to drive an automobile been suspended, revoked or refused." The policy contains certain printed conditions, among which is the following: "1. Effect of policy acceptance: By acceptance of this policy the named insured agrees that the Declarations on the Supplement Page are his agreements and representations, and that this policy embodies all agreements, relating to this insurance, existing between himself and Allstate or any of its agents." The application for the policy, which was signed by the plaintiff, contains the following printed question among others: "Has any insurer ever cancelled any automobile insurance issued, or refused any automobile insurance to the applicant or to any of his household? [ ] Yes. No [√]." The insurance policy was issued by the defendant, in reliance on these statements, to the plaintiff effective 12:01 A.M. December 18, 1952. The application for insurance was made about 6 P.M. on December 17, 1952, shortly after the plaintiff had received a letter from the State Farm Mutual Automobile Insurance Company with whom he was then insured. This letter was dated December 15, 1952 and read: "It is with regret that we inform you of our desire to be relieved of liability for insurance under this policy * * * [Your policy] is being cancelled effective 12:01 A.M. Standard Time on the 27th day of December, 1952, and no further protection will be afforded after that date." A check for the unearned premium on the policy was enclosed in the letter and cashed some time later by the plaintiff. On February 15, 1953, the automobile covered by the Allstate policy was involved in a collision, as a result of which the automobile was a total loss and certain medical and hospital bills were incurred by the plaintiff and his wife.

The receipt of the letter by the plaintiff shortly before he made application for the policy here sued upon is the sole ground upon which the defendant rests its contention that the representations in the application and policy were false. The principal question thus raised is whether the receipt of a letter from an insurer stating that an existing policy "is being cancelled" effective at a future date renders false a representation that "no insurer has cancelled or refused any automobile insurance" made to another insurer after receipt of the letter but before the future effective cancellation date.

■ No authority dealing with this question has been submitted by counsel in this case. It may be conceded that the insurer could have asked the applicant whether he had received notice that any policy held by him was being cancelled, and that if an affirmative answer had been given the insurer would not have issued the policy which is here sued upon. But a plain reading of the representations disclose that this information was not called for, and that the representations were not in fact false. It is well settled that the language of an insurance policy is to be construed most strongly against the insurer who wrote that language. California Civil Code, § 1654; Island v. Fireman's Fund Indemnity Co., 1947, 30 Cal.2d 541, 184 P.2d 153, 173 A.L.R. 896; Farmers Automobile Inter-Insurance Exchange v. Calkins, 1940, 39 Cal.App.2d 390, 103 P.2d 230; Woodman v. Pacific Indemnity Co., 1939, 33 Cal. App.2d 321, 91 P.2d 898. The insurer here was a national company doing business throughout the nation. It maintains a booth in various Sears stores for

the purpose of selling insurance, and the policy in question was issued at such a booth. It was in a position to know of the possibility that facts such as prevail here might arise. Any printed questions or declarations that the insurance company felt were proper or desirable could have been printed in the application and policy. It chose to phrase the language used in the manner set out above. If it desired more detailed or other information, it could have asked for it. The answer of the plaintiff, taken literally, was not false. The plaintiff did not make these statements with bad faith or with any intent to deceive or falsify. When he stated that his previous insurance *had not been cancelled,* he was not in error. It was *being cancelled* some ten days later. Therefore, there was no false representation or breach of warranty by the insured, and the insurer will not be permitted to void the policy from its inception on that ground.,

██ Plaintiff's complaint alleges, and prays for, damages in the sum of $4,000. Defendant argues that jurisdiction cannot be retained by this court, since the damages proved on the trial amounted to less than $3,000. The rule is that the amount in controversy is controlled by the claim in the complaint, if apparently made in good faith, and the inability of the plaintiff to recover over $3,000 and a judgment for less than that sum, do not oust this court of jurisdiction. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. There was no showing that the plaintiff's claim for an amount in excess of $3,000, although incorrect, was not made in good faith, and hence the jurisdiction of this court is established.

The Court finds that the damages suffered by the plaintiff amount to $2,067.-72. This includes the value of the automobile and the medical and hospital expenses.

Let judgment be entered accordingly. Plaintiff to prepare findings of fact and conclusions of law.