CONNOLLY et al., Respondents v. STANDARD CASUALTY COMPANY, Appellant

(73 N.W. 2d 119)

(File No. 9483. Opinion filed November 18, 1955)

Rehearing denied December 19, 1955

**Davenport, Evans, Hurwitz & Smith**, Sioux Falls, for Defendant and Appellant.

**A. J. Beck**, Elk Point, for Plaintiffs and Respondents.

ROBERTS, J. Plaintiffs brought this action against the Standard Casualty Company on a public liability policy for indemnification on account of the satisfaction of a judgment obtained against them in a personal injury action. From a judgment for plaintiffs entered May 24, 1954, defendant appeals.

The record shows that on November 5, 1948, an employee of the plaintiffs while operating a pickup truck became involved with a motor ambulance driven by one L. W. Anderson. An action was brought by Anderson against C. H. Connolly and Michael Connolly and their employee Leo Lanning. The case was brought to this court on appeal and the judgment in favor of plaintiff Anderson was affirmed. Anderson v. Lanning, 74 S.D. 161, 50 N.W.2d 57.

Defendant insurance company issued to "John L., C. H., & Michael J. Connolly d/b/a C. H. Connolly" a policy which is designated as a "Comprehensive Farm Liability Policy". Under its terms the insurer agreed "to·pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury * * * sustained by any person" and "injury to or destruction of property". The policy contains an exclusionary clause

providing that these coverages shall not apply "to the ownership, maintenance or use, including loading and unloading of (1) automobiles while away from the premises or the ways immediately adjoining * * *". An "Automobile" is defined in the policy as a "land motor vehicle, trailer or semitrailer other than farm tractors and trailers not subject to motor vehicle registration and farm implements while such farm tractors, trailers and implements are used in connection with a farm." The word "premises" under terms of the policy "means (1) the farm premises described in the declarations * * * and (3) premises in which an insured is temporarily residing, if not owned by an insured". There is included in the description of the farm premises in the declarations made a part of the policy 320 acres in Section 33, Township 91, Range 49, Union County, and a total of 480 acres in Sections 22, 27 and 34.

The defendant disclaims liability on the ground that the policy did not cover the place of the accident. For better understanding of the facts, a photostatic copy of a plat of Section 33 used in evidence, Exhibit 2, is here inserted.

The employee of the plaintiffs driving the pickup truck proceeded from the farm buildings in a northwesterly direction on U. S. Highway 77 and turning left at the intersection to drive south on the highway along the west line of Section 33 collided with the ambulance.

 The pickup truck which was involved in the accident bearing South Dakota registration plates was an automobile within the terms of the policy and not a farm implement. So far as applicable to insured's automobiles, the obligation to indemnify for accidents caused thereby is limit- immediately adjoining". The accident in question having occurred off such premises, the question presented is whether the accident and resulting injuries which became the basis for the claim against the defendant occurred on a way "immediately adjoining" the premises.

The word "adjoin" as defined in Webster's International dictionary, 2d Ed., means "to lie contiguous to"; "to be in contact with"; "to abut upon". It is sometimes inaccurately used to mean lying in proximity to or near. But when

coupled with the word "immediately" the word is necessarily used in its most restrictive sense. To hold that the policy covered all accidents caused by insured's automobiles while used in connection with the farm on all highways necessarily traveled in going from one part of the farm to another would give to it a meaning clearly not intended. If the policy had intended to include all such highways there was no occasion for using the qualifying word "immediately" in conjunction with the word "adjoining". Long v. London & Lancashire Indemnity Co. of America, 6 Cir., 119 F.2d 628. Coverage

under the policy we conclude extended to those portions of the public highways abutting or touching the farm premises. Charles Wolff Packing Co. v. Travelers' Ins. Co., 94 Kan. 630, 146 P. 1175; City of Lawrenceburg v. Maryland Casualty Co., 16 Tenn.App 238, 64 S.W.2d 69; Long v. London & Lancashire Indemnity Co. of America, supra; Tudor v. Chicago & S.S. Rapid Transit R. Co., 154 Ill. 129, 39 N.E. 136; United States v. Great American Indemnity Co. of New York, 9 Cir., 214 F.2d 17.

The court found specficially that plaintiffs in their farming operations have for the past forty years mowed and taken off the hay on the railroad right of way between the railroad tracks and the highway in Section 33 extending southeasterly from the highway intersection where the accident occurred to the land owned by the plaintiffs and beyond for an undisclosed distance and that the premises in Section 33 occupied and used by plaintiffs including such hay land does not exceed 320 acres.

Plaintiffs contend that in the absence of a clear limitation of coverage to premises owned or under control of the plaintiffs the coverage should not be so limited and because this is an appropriate case for the application of the familiar rule that ambiguous terms of a policy should be construed most strongly against the insurer where they are reasonably susceptible of such a constuction the coverage should be construed to apply to the farming operations of plaintiffs on the railroad right of way. We cannot, however, by construction do violence to the language of the policy and read something into it that is not there. It is true that the land owned by or under the control of the plaintiffs in Section 33 and the area on the railroad right of way on which plaintiffs mowed hay did not exceed the 320 acres named in the declarations in the policy. "Farm premises" is not an apt expression to include an area devoted principally to the operation of a railroad and from which without lease or similar right hay is cut and removed. The term "farm" or "farm premises" denotes a tract of land used wholly or pricipally for agricultural purposes and under one control. 35 C.J.S., Farm pp. 746-749; State Industrial Accident Commission v. Eggiman, 172 Or. 19, 139 P.2d 565; Williams v. Chicago & N. W. Ry. Co., 228

Ill 593, 81 N.E. 1133. The testimony of plaintiff Michael Connolly warrants the belief that he did not consider the tract in question as a part of the farm premises. The following is taken from the testimony given by him upon cross-examination: "Q. But in your farm operation, you were using the entire Southwest Quarter of Section 33? A. Minus the railroad right-of-way. Q. Minus the railroad right-of-way which is in the extreme northeast corner of that (quarter) section? A. That's right." We conclude that the situs of the accident was not on a way immediately adjoining the premises of the plaintiffs and hence there was no coverage.

█ It is asserted that plaintiffs in reliance on the designation "Comprehensive Farm Liability Policy" printed on the outside and at the top of the contract were led to believe that they had coverage on all their farming operations. While it may be proper in the case of ambiguity or conflict in determining the intention of the parties to consider words printed on the back of a policy purporting to sum up what is included within the policy, they cannot have the effect of affording a measure of protection broader than the expressed stipulations of the policy. If this contention were sustained no effect would be given to the exclusionary provisions contained in the insurance contract. When no reference is made thereto in the body of the policy, notations on the back or in places other than in the body of the instrument do not constitute a part of the insurance contract. Ehrke v. North American Life & Casualty Co., 71 S.D. 376, 24 N.W.2d 640; see also Annotation in 168 A.L.R. 555. The designation in question is not referred to in the policy and cannot be regarded as a part of the contract. While the designation was not intended to be a part of the contract and we are not warranted in so construing it, we do not sanction the practice of giving the appearance of broader coverage than the terms of the policy in fact provide. If the designation had read "Comprehensive Farm Liability Policy, as herein limited and provided" or words of like import, attention would have been directed to the fact that the measure of protection is governed by the terms of the policy.

■■ The policy issued to the plaintiffs contains the usual provisions agreeing to defend the insured in actions commenced against them. Plaintiffs argue that defendant insurer by assuming defense of the Anderson case is now estopped from denying liability. In Ziegler v. Ryan, 66 S.D. 491, 285 N.W. 875, this court recognized that a liability insurer by assuming and conducting the defense of an action against the insured may thereafter be estopped to set up the defense of noncoverage. It is, however, a well settled rule that an insurer is not estopped notwithstanding participation in defense of an action against insured to assert noncoverage if timely notice was given to the insured that it has not waived benefit of its defense under the policy. See cases collected in Annotations in 81 A.L.R. 1326, 1382 et seq. and 38 A.L.R.2d 1148, 1161 et seq. The court in the instant case found that defendant insurer prior to the time that it undertook the defense of the Anderson case served a notice of reservation of rights on the insured named as defendants in that case. It is stated in such notice that insurer by assuming defense of that action did not waive its claim that it was under no obligation to pay any judgment that might be recovered and that insured were at liberty to engage counsel at their own expense either to take charge of the defense or to assist insurer's counsel. True, defendant insurer did not have the right without consent of insured to retain control of the defense and at the same time reserve right to disclaim liability. It is not contended, however, that insured ever offered or attempted to take over defense of the action. Plaintiffs impliedly assented to conduct of the defense by insurer under the reservation of rights. Clark Motor Co. v. United Pac. Ins. Co., 172 Or. 145, 139 P.2d 570; Salonen v. Paanenen, 320 Mass. 568, 71 N.E.2d 227; Ancateau, for Use of Trust Co. of Chicago v. Commercial Casualty Ins. Co., 318 Ill.App. 553, 48 N.E. 2d 440; Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 48 N.W.2d 623. Defendant company was not estopped to deny liability under the policy.

The judgment appealed from is reversed.

SMITH, SICKEL and RENTTO, JJ., concur.

RUDOLPH, P. J., dissents.

RUDOLPH, P. J. (dissenting)

The Insurance Company having elected to include these several tracts of land, operated as a unit, in the one policy, I am inclined to the view that the highway immediately adjoining one tract at the gate of that tract should be held to be immediately adjoining the premises for the purpose of farm operation throughout its course in connecting the several tracts.

I generally concur in the views of the trial court as expressed in the first and last paragraphs of his memorandum opinion as follows:

"The Comprehensive Farm Liability Policy issued by defendant company to plaintiffs insured the plaintiffs against liability as to coverages stated in the policy arising from custom farming operations on 800 acres of land located in four sections as shown by the plat, Ex. 1. From the farm buildings in Section 33, other parts of the land in Sections 34, 27 and 22 could not be reached except on connecting public highways, portions of which were not immediately opposite to any part of the land. The defendant company through its agents knew the nature of plaintiffs' farming operations and the location of the land with reference to public highways. * * *

"The policy involved was written by the defendant with knowledge of the nature of the plaintiffs' farming operations and the location and accessibility of the 800 acres of land with reference to the highways. The meaning of the term 'ways immediately adjoining' must be determined by reference to the facts and circumstances of this particular case. What was the intention of the parties in light of the fact situation? I think it reasonable to so construe the term that the use of the truck in the farming operations on a way necessarily traveled in going from one part of the land to another was not so far separated from the premises covered as to come within the exclusion. At the time of the collision the truck was on a way which connected the separate tracts and was necessarily used in farming the land described in the policy. Based upon the fact situation in this case, I hold that the collision occurred on a way immediately adjoining the premises within the meaning intended by the parties in writing the policy contract."