**ALLSTATE INSURANCE COMPANY, a corporation, Appellant,**

**v.**

**Oscar F. ERICKSON, Appellee.**

**No. 14708.**

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1955.

Healy & Walcom, San Francisco, Cal., for appellant.

Paul Friedman, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

The Allstate Insurance Company appeals from a judgment of the United States District Court awarding Erickson recovery on an automobile insurance policy for injuries suffered in an accident. Allstate contends that the trial court erred in not holding that Erickson's representation in his application for Allstate insurance that no insurer had ever cancelled any automobile insurance against him was a materially false representation which voided his policy.

Allstate contends that the insured made such a material misrepresentation to it in marking X in the square before the word "No" in answer to the following question asked by Allstate of the insured when he applied to it on December 17, 1952 for his insurance:

"*Has* any insurer *ever cancelled* any automobile insurance to the applicant or to any of his household?

"☐ Yes ☒ No." (Emphasis added.)

The claimed material misrepresentation is based on the fact that when the question was asked, the insured then had a policy in the State Farm Insurance Company concerning which he had received from that company on December 17, 1952, a letter stating that the policy "is being cancelled *effective 12:01 A.M. Standard Time on the 27th day of December, 1952*, and *no further protection will be afforded after that date.*" (Emphasis added.)

The district court construed Allstate's question "*Has* any insurer *ever cancelled* any insurance" as ambiguous as to whether it meant insurance already cancelled or to become cancelled at a later date. It applied the universal rule that such an ambiguity should be resolved against the insurance company and held Allstate liable. We think the court did not err.

Allstate has a California decision, American Glove Co. v. Pennsylvania Fire Insurance Co., 15 Cal.App. 77, 113 P. 688 which it claims is controlling because the policy was issued in California to the insured, a citizen of California. We do not think this case applicable. There the insured plaintiff on April 11, 1906 received from the insurer a letter dated April 9, 1906, stating: "the policy will be canceled on our books on the 14th inst., five days from date." The loss sued for occurred on April 19, 1906, *five days after the stated date of cancellation.* There was no such ambiguous question as was

asked in the instant case, and of course, no discussion of its ambiguity.[1] Likewise in the case of Allstate Ins. Co. v. Moldenhauer, Cir. 7, 193 F.2d 663, cited by Allstate, there was no consideration of the ambiguity in such a question as was asked by Allstate.

The judgment is affirmed.

---

[1] The law of California is that the language of an insurance policy is to be construed most strongly against the insurer who wrote that language. California Civil Code, § 1654; Island v. Fireman's Fund Indemnity, 1947, 30 Cal.2d 541, 184 P.2d 153, 173 A.L.R. 896; Farmers Automobile Inter-Insurance Exchange v. Calkins, 1940, 39 Cal.App.2d 390, 103 P.2d 230; Woodman v. Pacific Indemnity Co., 1939, 33 Cal.App.2d 321, 91 P.2d 898.