STRONG, Respondent v. STATE FARM MUTUAL INSUR-
ANCE COMPANY, Appellant

(78 N.W.2d 828)

(File No. 9589.   Opinion filed October 22, 1956)

**Whiting, Lynn & Freiberg,** Rapid City, for Defendant and Appellant.

**Bangs & McCullen, Joseph Butler,** Rapid City, for Plaintiff and Respondent.

HANSON, J. The plaintiff's automobile was accidentally damaged on March 20, 1955. This is an action to recover that loss under a policy of automobile insurance issued by the defendant, State Farm Mutual Insurance Company, to the Plaintiff. The case was submitted on stipulated facts upon which verdict was directed in favor of plaintiff. The defendant appeals.

The defendant disclaims liability by reason of an alleged false representation made in the application for insurance. The defendant claims the plaintiff falsely answered the following question 17 in the negative:

"**Has any insurer** cancelled or **refused to renew** any kind of automobile insurance for any driver?"

The plaintiff applied for insurance in the defendant company on January 21, 1955. Prior thereto he had received and read the following letter from his then insurer, the Farmers Mutual Automobile Insurance Company:

"Expiration Date 1-24-55

"Circumstances will not permit us to continue your insurance in the Farmers Mutual Insurance Company.

"Therefore, the protection extended under the above numbered policy will lapse on the expiration date shown above".

The plaintiff's policy with the Farmers Mutual Company was originally issued for a period of six months commencing on January 24, 1952. In accord with the above letter the policy expired on January 24, 1955. The policy had been automatically renewed every six months by payment of premiums in response to notices sent out by the company. No new applications or requests were necessary to effect the renewals and the policy was so renewed at least five times.

This is not the case of an insured attempting to avoid the implications of an insurance application for failure to read or understand the same. Here the plaintiff stipulated

he signed the application with knowledge of its contents; that question 17 was material to the risk assumed by the defendant; and that the policy was issued in reliance upon the application.

██ The sole question presented is whether or not the plaintiff's negative answer to question 17 of the application for insurance was false. If so, defendant's policy is voidable under the rule that a misrepresentation of a material fact, in reliance upon which a contract of insurance is issued, avoids the contract. Smith v. Federal Surety Co., 60 S.D. 100, 243 N.W. 664.

The plaintiff principally relies upon the case of Erickson v. Allstate Insurance Co., D.C., 126 F. Supp. 100, to sustain his position. This case was later affirmed. See also 9 Cir., 227 F.2d 755. However, we do not consider the facts of that case sufficiently similar to be controlling

██ In deciding this question we are mindful of the well-established principle that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer. Ehrke v. North American Life & Casualty Co., 71 S.D. 376, 24 N.W.2d 640. However, there are definite limitations on the application and use of such rule. As stated in 44 C.J.S., Insurance, § 297 (2), p. 1190:

> "The rule of liberal construction in favor of the insured and strict construction against the insurer applies only where the language of the contract is ambiguous and susceptible of more than one interpretation and is also subject to the further limitation that such language ordinarily cannot be construed otherwise than according to its plain and ordinary meaning."

In speaking of this rule our court has said:

> "Construction which distorts the plainly revealed sense in which parties have understood words cannot be justified in the name of liberal interpretation." Life Benefit, Inc., v. Elfring, 69 S.D. 85, 7 N.W.2d 133, 135.

Also this rule does not permit the court to make a forced construction or new contract for the parties. Thompson v. State Auto. Ins. Ass'n, 70 S.D. 412, 18 N.W.2d 286. The facts of this case place it within the limitations of that rule.

██ A refusal to renew a policy of insurance need not be in any particular form. Nor do the reasons for the refusal have to be stated. It is sufficient when the insurer clearly and unequivocally indicates to the insured its unwillingness to continue upon the risk. Emery v. Pacific Employers Inc. Co., 8 Cal.2d 663, 67 P.2d 1046. The Farmers Mutual letter clearly and unequivocally informed plaintiff it was unwilling to continue upon the risk of insuring his automobile. The refusal to renew was completely expressed in that letter. An application to renew the policy had been unnecessary in the past. The insurer's letter made an application unnecessary then. The plaintiff evidently understood the plain import of such letter and immediately applied for other insurance in the defendant company.

There is no ambiguity for the court to resolve. In the light of plaintiff's own conduct and admitted knowledge, he simply failed to give an honest answer to an honest question in his application for insurance. The policy issued in reliance thereon was voidable.

The judgment of the trial court is reversed.

ROBERTS, P. J., and RUDOLPH and SMITH, JJ., concur.

RENTTO, J. (dissenting) I agree that the principles of law relied on by the majority are applicable. However I do not agree with their application of these principles to the facts in this case. It seems to me that the Farmers' Mutual letter did not clearly and unequivocally inform plaintiff that it was unwilling to continue upon the risk of insuring his automobile.

That letter said merely that "Circumstances will not permit us to continue your insurance." From this it is permissible to conclude that the company was unwilling to continue on the risk. However, it seems to me that this is not the only permissible conclusion. I think it can likewise be concluded from that statement that the company might have been unable to continue on the risk. If both of these conclusions can be drawn from the letter then it cannot be said that plaintiff answered question 17 falsely.

We are required to construe the phrase "refused to re-

new" strictly against the defendant and give to the plaintiff the benefit of liberality in construction. In the circumstances of this case there is a vast difference between being unwilling and being unable. Unwillingness presupposes the ability to perform the requested act which is not done because of a desire not to perform. Such action amounts to a refusal. It is the positive act of rejection.

Several situations come to mind in which the insurer, even though willing to continue upon the risk, would be unable to issue the requested policy. Discontinuance of plaintiff's policy under such circumstances would not be a refusal to renew. Rather, it would be the negative act of failing to renew. He was not asked whether any insurer had failed to renew his automobile policy.

I would affirm.