791 F.Supp. 799 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,
v.
ARMSTRONG EXTINGUISHER SERVICE, INC., a South Dakota corporation; and Michael J. Larson, Defendants.
Civ. No. 91-5144.
United States District Court, D. South Dakota, W.D.
May 12, 1992.
*800 Curt Ireland, Rapid City, S.D., for plaintiff.
Frank A. Bettmann, Rapid City, S.D., for defendant Armstrong Extinguisher.
Steven C. Beardsley, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., for defendant Michael J. Larson.

MEMORANDUM OPINION AND ORDER
BATTEY, District Judge.
This is a declaratory judgment action brought by State Farm Mutual Automobile Insurance Company (State Farm) seeking a declaration that the claims fall outside the coverage of the policy. Pending is defendants Armstrong Extinguisher Services (Armstrong) and Michael Larson's (Larson) joint motion to remove plaintiff's counsel, Curt Ireland, on the basis of conflict of interest. All parties submitted briefs on this issue and were heard before the Court on oral argument.

THE UNDERLYING LITIGATION: FACTUAL BACKGROUND
On August 11, 1990, defendant Larson was involved in a two-vehicle accident in Lawrence County, South Dakota. The other vehicle was driven by Ann Keegan. As a result of the accident, a passenger in the Larson vehicle, Sherry Pond, sued Keegan for injuries. Larson and Armstrong were brought into the Pond suit as third-party defendants on the theory that Larson was guilty of contributory negligence and that Larson was acting within the course of his employment with Armstrong, thus making Armstrong liable under the theory of respondeat superior. This action is currently pending in Davison County.
Armstrong has an insurance policy with State Farm. State Farm's attorney Curt Ireland agreed to defend both Armstrong and Larson in the Davison County litigation, but is defending under a reservation of rights because of coverage questions. At depositions taken in the Davison County litigation, it was discovered that a conflict existed for attorney Ireland in representing both Armstrong and Larson. Mr. Ireland withdrew as counsel for Larson but continued to and does at this time represent Armstrong in the Davison County lawsuit.

DECLARATORY JUDGMENT ACTION
State Farm brought the instant declaratory judgment action in federal court seeking a determination that there is no coverage under Armstrong's policy with State Farm. State Farm's attorney in this action is also Curt Ireland. Armstrong and Larson are the named defendants. Armstrong's and Larson's attorneys in this declaratory judgment action filed a joint motion to remove counsel alleging conflict of interest. Ireland opposes the motion and claims there is no conflict because State Farm sent letters before Ireland undertook their defense to both Larson and Armstrong advising them that State Farm would defend the Davison County litigation but under a reservation of rights. Further, Ireland contends Larson and Armstrong were fully advised of the coverage issue and also advised of their right to retain independent counsel. Finally, Ireland claims the coverage issue is a separate contractual question to be determined by the Court which does not compromise his loyalty to Armstrong.

DISCUSSION
In this case State Farm agreed to defend the underlying lawsuit, but under a reservation of rights. In some jurisdictions, defending under a reservation of rights in *801 and of itself creates a conflict of interest under which the insured is permitted to obtain independent counsel at the expense of the insurer. San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc., 162 Cal.App.3d 358, 362, 208 Cal.Rptr. 494, 497 (1984). "[Under South Dakota law] an insurer [does] not have the right, without the consent of the insured, to retain control of the defense and at the same time reserve right to disclaim liability." Kansas Bankers Sur. Co. v. Lynass, 920 F.2d 546, 548 (8th Cir.1990) (quoting Connolly v. Standard Casualty Co., 76 S.D. 95, 101, 73 N.W.2d 119, 122 (1955)).
As implied in Kansas Bankers, an insurer may be able to avoid the conflict if the insured consents to a defense under a reservation of rights, but once the consent is withdrawn, the insurance company must release control of the defense of the case. The court reasoned that in the insurance context, the insured's interests must be given equal consideration with those of the insurer. Id. at 548 (citations omitted). The court concluded that by reserving rights and at the same time insisting on controlling the defense, the insurer put its own interest above the insured's. Id.
State Farm has not given equal consideration to Larson's and Armstrong's interests in this case. Mr. Ireland as counsel for Armstrong, and at one time Larson, owes a duty of loyalty to his clients and cannot under the South Dakota Rules of Professional Conduct[1] represent parties with conflicting interests without the consent of all parties after full disclosure of the facts. See Rule 1.7, South Dakota Rules of Professional Conduct, S.D.C.L. 16-18, App. At the very least, Mr. Ireland's representation of the insurance company in the declaratory judgment action and Armstrong in the underlying litigation creates an appearance of impropriety.
It is important to note that defendants do not object to State Farm's bringing the declaratory judgment action, but rather to Ireland bringing the action as State Farm's attorney. In fact, the Eighth Circuit has sanctioned the use of a declaratory judgment action as a proper and preferred method of quickly resolving coverage questions in a reservation of rights situation. Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531 (8th Cir.1970). However, Babcock does not address the precise issue in this case of whether or not State Farm must provide independent counsel (separate from counsel in the underlying litigation) to bring the declaratory judgment action. Other jurisdictions addressing this issue have held that independent counsel must be provided. In Mutual Serv. Cas. Ins. Co. v. Luetmer, 474 N.W.2d 365, 369 (Minn.App. 1991) the court stated:
The Minnesota Supreme Court has repeatedly advised the use of a declaratory judgment action in a reservation of rights situation.... (citations omitted) Clearly, if the insurer seeks a declaratory judgment, it should provide its insured with separate counsel. Citing Miller v. Shugart, 316 N.W.2d 729, 733 (Minn.1982); Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 480-81, 48 N.W.2d 623, 632 (1951) (emphasis added).
Similarly, a California court held that when an insurance company interposes a reservation of rights, the basis of which creates a conflict of interest, it becomes obligated to provide separate counsel for the insured in representation of the liability of the case, independent of counsel utilized by the insurer in its coverage case. State Farm Fire & Cas. v. Superior Court, 216 Cal. App.3d 1222, 265 Cal.Rptr. 372, 50 A.L.R.4th 913 (1989).
The Eighth Circuit case of United States Fidelity & Guar. Co. v. Roser, 585 F.2d 932 (8th Cir.1978) is also instructive on this issue. In Roser, USF & G, Roser's liability carrier, tendered a defense with a reservation of rights. USF & G then brought a declaratory judgment action in the same district in which the underlying lawsuit was venued. The declaratory judgment action was consolidated with the underlying lawsuit. USF & G's attorney in the declaratory *802-804 judgment action also represented Roser in defense of the underlying lawsuit. Roser obtained independent counsel because of USF & G's conflict of interest. The ultimate issue in the case was whether or not USF & G was responsible for payment of Roser's independent counsel's fees. The court held:
Because of the conflict which existed, USF & G simply could not provide the impartial, effective representation to which appellant was entitled. However, the conflict did not relieve USF & G of its contractual obligation to defend appellant against the Kemp action. Therefore, USF & G must now bear the expense of that case.
Roser, 585 F.2d at 939. In reaching this conclusion, the Court cited several canons of ethics from the Code of Professional Responsibility relating to conflict of interest when representing multiple clients. These canons, requiring an attorney to "exercise independent professional judgment" (Canon 5), mandated that USF & G provide independent counsel. The court stated, "[i]t is axiomatic that an attorney cannot represent two clients whose interests are actually, as opposed to potentially, conflicting. This is particularly true where, as here, one of those clients is suing the other." Id. at 939.
Attorney Ireland continued to act as Armstrong's attorney while he was actively working against Armstrong's interest in seeking the declaratory judgment. This conduct creates a conflict of interest. Attorney Curt Ireland is removed from the case and State Farm must secure new counsel. Therefore, it is
ORDERED that defendants' motion to remove attorney Ireland as counsel for plaintiff is granted. Plaintiff's attorney is removed.
IT IS FURTHER ORDERED that plaintiff shall secure new counsel who shall file an appearance within ten days. In the event that such appearance is not filed, the case shall be dismissed without prejudice.
NOTES
[1] The Code of Professional Responsibility was repealed in 1987 and reenacted as the South Dakota Rules of Professional Conduct (Rules) which closely conform to the Model Rules of Professional Conduct.