FIRST SECURITY BANK, MORRISTOWN, S.D., Respondent v. SKJOLDAL et al., Defendants

(237 N.W.2d 675)

(File No. 11577. Opinion filed January 22, 1976)

**Robbins & Von Wald,** Selby, for Malven Skjoldal and Hazel Skjoldal, defendants and appellants.

**Curtis W. Hanks,** Lemmon, for plaintiff and respondent.

WINANS, Justice.

Respondent bank in this case brought an action against defendants on August 6, 1973, seeking foreclosure of a chattel mortgage and foreclosure of a real estate mortgage and the determination of the rights and interests of the various parties involved. Appellants Malven and Hazel Skjoldal answered deny-

ing all of Respondent's allegations pleading lack of consideration and counterclaiming against Respondent for commercially unreasonable sale of mortgaged property, conversion, usury and fraud. In addition to the Skjoldals Defendant John Hancock Mutual Life Insurance Company put in an answer. The other named defendants did not.

Adverse depositions were taken of Walter Schirber, the Respondent bank's cashier, and of Malven and Hazel Skjoldal. Following this, motions for summary judgment were submitted by Respondent, by Appellants Malven and Hazel Skjoldal and by Defendant John Hancock Mutual Life Insurance Company. A hearing was held on all motions at Lemmon in Perkins County, South Dakota, on January 4, 1974, and on May 13, 1974, the court issued an order denying the Skjoldals' motion for summary judgment and granting Plaintiff-Respondent's motion for summary judgment. On May 28, 1974, a hearing was held at McIntosh in Corson County, South Dakota, to determine the amounts due and owing on the mortgages in question and the interests of the other named defendants. Findings of fact and conclusions of law were filed on July 12, 1974.

Defendants Malven and Hazel Skjoldal appeal from the court's order granting summary judgment in favor of the Respondent Bank and from the court's summary dismissal of the various counts of the Defendants' own counterclaim.

To recite further in detail the facts alleged by either Respondent or Appellants would needlessly prolong this opinion. It should be sufficient to say that issues of material fact are presented which may not be determined on a motion for summary judgment. See Schneeberger v. Dugan, 1952, 261 Wis. 177, 52 N.W.2d 150. Our law on summary judgment is well set out in SDCL 15-6-56 and this court has presented guidelines on the subject in Wilson v. Great Northern Railway Company, 1968, 83 S.D. 207, 157 N.W.2d 19. Of these guidelines we would highlight two at this time:

"(2) The burden of proof is upon the movant to show *clearly* (emphasis added) that there is no genuine issue

of material fact and that he is entitled to judgment as a matter of law; * * * (4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious it would be futile to try them."

[See also Smyser, The Summary Judgment — Ascertainment of the Genuine Issue, 16 S.D. Law Rev. 20 (1971)]. We also note that the making of cross motions for summary judgment does not remove from consideration the primary question of whether there are any genuine issues of material fact. Each of the moving parties merely " 'concedes and affirms that there is no issue of fact only for purposes of his own motion.' " Salmon v. Bradshaw, 1969, 84 S.D. 500, 173 N.W.2d 281.

In Wilson, supra, we said that "[t]he trial court chose to enter findings of fact and conclusions of law. Since a summary judgment presupposes there is no genuine issue of fact, findings of fact and conclusions of law are unnecessary." This remains our law.

█ It is clear from our reading of a rather impoverished record, one made without any supporting affidavits, in which motions for summary judgment were made "on evidence presented, the depositions taken in this matter, and on the files and pleadings in this proceeding" that Respondent has not established clearly that there is no genuine issue of material fact as to any of the counts of the complaint or of the answer and counterclaim. The order of the trial court granting summary judgment to Respondent and dismissing summarily the counterclaims of the Skjoldals is reversed.

All the Justices concur.