RUMSEY, Respondent v.
ST. PAUL MERCURY INS. CO., Appellant

(242 N.W.2d 677)

(File No. 11730. Opinion filed June 3, 1976)

**Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell,** Rapid City, for defendant and appellant.

**Lynden D. Levitt,** Rapid City, for plaintiff and respondent.

WINANS, Justice.

The sole question before us for determination in this appeal is whether or not the circuit court was in error in finding that

Plaintiff's automobile insurance policy had not been canceled prior to an accident for which Plaintiff seeks recovery. In view of our finding that the law of the state of Oregon is applicable we are compelled to reverse.

Plaintiff Kenneth Rumsey purchased an automobile insurance policy in September of 1972 from a Portland, Oregon, insurance agency which was authorized as an agent for Defendant St. Paul Mercury Insurance Company. At that time Rumsey was an Oregon resident and his two vehicles to be insured were licensed and located in Oregon. Plaintiff paid agent the requested premium of one hundred eight dollars and ninety cents ($108.90) for coverage from September 20, 1972, to March 20, 1973. The issued insurance policy covered Plaintiff's 1968 Ford Mustang and his 1969 GMC ¾ ton pickup.

On March 10, 1973, Rumsey was towing his Mustang with his pickup near Rapid City, South Dakota. The tow bar came loose causing an accident that resulted in damage to both of Plaintiff's vehicles in the amount of five hundred eighty dollars and seventy cents ($580.70). Rumsey made a claim upon the defendant insurer for the damage to both vehicles, but Defendant denied liability, asserting that the policy in question had in fact been canceled.

Although Plaintiff had paid the amount requested for six months' coverage the settled record discloses that on or about October 2, 1972, the home office of Defendant requested from Plaintiff an additional premium payment of ten dollars and twenty cents ($10.20) to be remitted within ten days, apparently to make up for an error in the computation of the premium by the Portland agent. There is also in the record an indication that a similar notice was issued on November 17 of the same year. Defendant claims to have sent both notices by mail to Plaintiff's Oregon address. In its answer to Plaintiff's complaint Defendant says:

> "That on the 17th day of November, 1972, plaintiff was re-notified of the correct premiums and was rebilled said additional $10.20 with a notice if such amount was not paid within ten days said policy would be cancelled as shown on the attached Exhibit 'D'."

It is noteworthy that Exhibit "D", a copy of the premium difference notice, does not say that the policy would be canceled if not paid up within ten days. What it does say is that "[i]f you agree with the Premium charged, please forward your check for the difference due within 10 days." A notice *to the agent* on the same page states: "To avoid the possibility of a lapse in coverage, this money must be sent to us within the next 10 days." In his complaint Plaintiff asserted "[t]hat Plaintiff at no time before March 10, 1973, received any notification that an additional premium was due nor did Plaintiff receive any notification of the cancellation of the policy by Defendant."

On February 1, 1973, Defendant mailed from St. Paul, Minnesota, to Plaintiff at his Oregon address by first class mail a notice that the policy was canceled effective 12:01 A.M. Standard Time, February 16, 1973. This notice was returned to Defendant with the envelope stamped MOVED, LEFT NO ADDRESS. The actual notice, the named insured's copy, carries the cryptic message: "Additional premium not paid." The same notice also states: "$11.86 return premium is being sent to your agent."

According to Defendant's brief on appeal a check for $11.86 was mailed to Plaintiff on February 16, 1973, and never returned to Defendant. On March 26, 1973, some sixteen days after the accident in question, Plaintiff made an attempt to pay the additional premium of ten dollars and twenty cents ($10.20) but Defendant refused to accept the payment.

Plaintiff Rumsey commenced an action against St. Paul Mercury Insurance Company on February 8, 1974, the Plaintiff seeking a declaration of his rights, status and other relations under his insurance policy, pursuant to SDCL 21-24. Defendant moved for summary judgment and Plaintiff made a cross motion for summary judgment. On July 31, 1975, summary judgment was entered in favor of Plaintiff declaring that at the time of the accident Plaintiff was covered by the insurance policy and that any attempted cancellation of the policy was ineffective.

*The Issue*

The applicable provision of Defendant's Family Auto In-

surance Policy in relevant portion reads as follows:

> "This Policy may be canceled by the Company by mailing to the Insured named in Item 1 of the declarations at the address shown in this Policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice."

Although our law is clear that in a summary judgment proceeding there is no genuine issue of fact and hence findings of fact and conclusions of law are unnecessary (First Security Bank, Morristown v. Skjoldal, 1976, 90 S.D. 71, 237 N.W.2d 675), the trial court chose to enter them. There the trial judge indicated that:

> "A holding which would accept the insurance company's position that once proper mailing is proven, that the policy would be conclusively cancelled as of the date shown on the cancellation notice, without regard as to whether the insured Plaintiff received actual notice, would violate the public policy of the State of South Dakota."

Whether or not South Dakota public policy is violated by a provision of an insurance contract such as the one now before us we do not decide. We are well aware of the opinion of the Minnesota Supreme Court that:

> "[i]t would * * * seem to us that knowledge on the part of the insured concerning the cancellation of an automobile insurance policy is so vitally important that a policy ought not to be canceled unless the insurance company has put forth more effort to communicate its intention to cancel the policy than would be required under the provision in question if interpreted as contended for by the insurance company." Donarski v. Lardy, 1958, 251 Minn. 358, 88 N.W.2d 7, at p. 12.

Such a holding is certainly not without merit. Nevertheless, we find that the insurance contract in question was made in Oregon

and that as a consequence it is the law of the Oregon forum which must govern. 2 Couch on Insurance 2d § 16:2, pp. 3 ff.

Medford v. Pacific National Fire Insurance Company, 1950, 189 Or. 617, 219 P.2d 142, 222 P.2d 407, 16 A.L.R.2d 1181, dealt with an insurance policy with an almost identical cancellation provision. In that case a lower court was reversed because it had sustained Plaintiff's demurrer to Defendant's answer asserting prior cancellation of Plaintiff's policy. The Oregon Supreme Court there observed:

> "The provision here is that the policy may be canceled by mailing to the insured at the address shown in the policy a written notice. Again, instead of the earlier type of provision which makes mailing the equivalent of personal delivery, this policy, by its terms, makes clear that the mailing is the cancelation and provides that delivery shall be equivalent to mailing. Finally it is provided that the mailing of notice as aforesaid, shall be sufficient proof of notice. We hold that the defendant's answer was not demurrable by reason of the omission therefrom of an allegation that the mailed notice was also actually received."

In response to a petition for rehearing that Court said of their holding in Medford: "[w]e further held that the provisions of the policy itself controlled the method by which it might be canceled." In light of Medford, which has not been overruled, and in light of the response to the petition for rehearing in that case, we conclude that the cancellation provision in the automobile insurance policy now before us is not against the public policy in this regard of the state of Oregon. We further conclude that were the instant case before an Oregon court it would be found that the policy in question was in fact canceled on February 16, 1973, prior to the accident for which Plaintiff seeks recovery. For this reason the decision of the South Dakota trial court is reversed.

WOLLMAN and COLER, JJ., concur.

DUNN, C. J., dissents.

DUNN, Chief Justice (dissenting).

I would affirm.

I cannot see any legal or equitable reason to permit an insurance company to cancel a man's insurance under these facts. The insured had paid the premium requested for the six-month period; through the insurance company's error, the premium paid was some $10 short of the premium to be charged. At the time the notice of cancellation was sent to insured's last known address, the insurance company still held unearned premiums sufficient to keep the policy in effect. Admittedly, the insured did not receive the notice of cancellation as it was returned to the company with a post office marking "Moved, left no address." The record is unclear as to whether he ever received the check for the unearned premium on the policy.

I would agree with the Minnesota Court that insurance coverage is too important to be left to the fine print of an insurance policy which permits cancellation of a policy without any actual notice to the insured — or without any real effort to locate him. This becomes more reprehensible when the cancellation was due to a company error, and the company still had unearned premium available to keep the policy in effect at the time the notice was mailed.

Thus the company is allowed to cancel a policy *without* actual notice for $10.20 deficiency in premium resulting from its own error at a time when it admittedly held unearned premium in the amount of $11.86.