Willie **HARRIS**

v.

**DU PONT DE NEMOURS, et al.**

**Mack F. BURNS**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY.**

Civ. A. Nos. 84–831, 84–964.

United States District Court, E.D. Louisiana.

July 21, 1984.

Arthur Cobb, Baton Rouge, La., for Willie Harris.

James A. George, Baton Rouge, La., for Mack F. Burns.

Harry McCall, Jr. and L. Havard Scott, III, New Orleans, La., for E.I. du Pont de Nemours & Co.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motions of defendant, E.I. du Pont de Nemours & Company (du Pont) for summary judgment against plaintiffs, Willie Harris and Mack Burns, on the grounds that du Pont was the statutory employer of plaintiffs under Louisiana law. Considering the memoranda filed by the parties, the record herein and the law applicable to this matter, the motions were granted for the reasons set forth below.

These consolidated cases arose from an explosion and fire on July 12, 1983, at du Pont's Pontchartrain Works plant at Reserve, Louisiana. On the date of the incident in suit, plaintiffs, Willie Harris and Mack Burns, were employed by Hydro-Services, Inc., a contractor engaged by du Pont to perform hydroblasting services at the plant. Hydroblasting is a process for removal or cleaning of residue from tube bundles incorporated into the heat exchanger which is used in the manufacture of chloroprene. Specifically, in the manufacture of chloroprene, which is produced at du Pont's Pontchartrain Works, it is necessary to utilize a heat exchanger which incorporates a tube bundle, known as a calandria. This tube bundle may contain hundreds of small tubes of an inch or less in diameter. From time to time, residue

collects in these small tubes and must be removed for the manufacture of chloroprene to continue. One method of removing this residue is hydroblasting, a type of high-pressure water cleaning.[1]

In addition to the foregoing uncontested facts, defendant asserts that the work for which plaintiffs' employer had been engaged was identical to that for which Browning Ferris Industries had previously been employed at du Pont's Pontchartrain Works. Defendant further asserts that the factual situation described in the unreported opinion of the Fifth Circuit in *Keys v. E.I. du Pont de Nemours & Company, Inc.*, 720 F.2d 1289 (5th Cir.1983), is the same as that which obtained on the date of the incident in suit.[2] That case involved a negligence action against du Pont for injuries sustained by an employee of Browning Ferris Industries while he was working at du Pont's LaPlace, Louisiana plant. The Fifth Circuit affirmed the trial court's granting of summary judgment in favor of du Pont on grounds that it was the statutory employer of plaintiff. The pertinent facts of that case are as follows:

"Until 1970, du Pont employees did the hydroblasting at LaPlace. Du Pont then began subcontracting the work at LaPlace, because it was believed to be more economical to do so. Currently, du Pont relies exclusively upon its own employees and equipment to do hydroblasting at two of its plants. At six others, du Pont uses its own employees and equipment, supplemented by contract labor as required. At plants such as La Place, where hydroblasting is required less frequently, du Pont relies entirely on contractors to do the work." at p. 2.

\*　\*　\*　\*　\*　\*

"... du Pont assigns its own employees to perform hydroblasting services ... du Pont utilized its own employees to perform hydroblasting at its LaPlace plant for numerous years before contracting out those services ... hydroblasting is

---

1. Affidavit of Gerald E. Roberts, maintenance supervisor at the du Pont plant.

2. Id.

an integral and necessary part of the manufacturing process. at p. 6.

Based upon the foregoing, defendant contends that it was the statutory employer of the plaintiffs on the date of the incident in suit, and thus, is immune from tort liability.

Plaintiff Willie Harris contests that the work performed by Hydro-Services, Inc. was identical to that previously performed by Browning Ferris Industries at du Pont's Pontchartrain Works, and that this type of work was held to be part of du Pont's trade, business or occupation in the *Keys* case. However, plaintiff has produced no countervailing evidence in this regard.

Plaintiff Mack Burns contends that the following material facts are at issue: (1) Since 1970, no du Pont employee has done hydroblasting work. Du Pont did not customarily engage in hydroblasting and it was therefore not a part of its trade, business or occupation; (2) Du Pont did. not own or otherwise possess hydroblasting equipment on July 12, 1983; (3) Hydroblasting is not a part of du Pont's usual and customary practice in the manufacture of chloroprene because du Pont's employees have not done hydroblasting work since 1970; (4) Since 1970, du Pont has contracted with independent contractors, including Hydro-Services, Inc., and only employees of independent contractors have done hydroblasting work at the du Pont LaPlace plant since 1970; and (5) All hydroblasting work done by contractors at du Pont's plant in LaPlace since 1970 has been done with equipment owned and/or operated by the independent contractors and not with equipment owned or otherwise possessed by du Pont.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.Rules Civ.Proc. The party seeking summary judgment has the burden of showing that there is no material fact in dispute, and every reasonable inference arising from the record must be resolved in favor of the party opposing the motion. *Penton v. Crown Zellerbach Corporation*, 699 F.2d 737 (5th Cir.1983). However, when a motion for summary judgment is supported in the manner provided in Rule 56(c) the response of an adverse party, "by affidavits or … otherwise … must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed. Rules Civ.Proc.

Under Louisiana law, specifically, L.S. A.–R.S. 23:1061, a principal is the "statutory employer" of its contractor's employee when the contractor is engaged to perform work which is part of the "trade, business or occupation" of the principal. When a statutory employment relationship exists, the statutory employer is liable for workmen's compensation benefits to the employees of the contractor, and an injured employee's claims against the statutory employer is limited to such benefits. L.S.A.– R.S. 23:1032.

In *Lewis v. Exxon Corp.*, 441 So.2d 192, opinion on rehearing, 441 So.2d 197 (La. 1983), the Louisiana Supreme Court recently set forth the test for whether a statutory employment relationship exists, as follows:

"First, the 'work' must be part of the principal's 'trade, business or occupation.' Second, the principal must have been engaged in that trade, business or occupation at the time of the injury." 441 So.2d at 197.

Although Courts must look to the facts of each case to determine whether a particular activity is within the scope of the principal's trade, business or occupation, the Louisiana Supreme Court has described the pertinent considerations on this issue:

"Generally, in order for a work or project to be within a principal's trade, business or occupation, it must be routine or customary [citations omitted], or some other type of activity which is necessary for the principal's day-to-day operations … [T]he works contemplated by the statute

are those activities which are an actual part of the nature and purpose of the principal's enterprise.

\* \* \* \* \* \*

In addition to the regularity or predictability of the activity, it is also important to determine whether the employer normally is equipped to handle such projects, both as to manpower and equipment ... *General maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are within the scope of the statute.*" 441 So.2d at 198. [Emphasis supplied.]

In the instant case, plaintiffs contend that material issues of fact exist which are pertinent to the determination of whether there was a statutory employment relationship. However, the affidavit and deposition testimony submitted by plaintiffs in support of this contention merely address the fact that du Pont employees had not engaged in hydroblasting at the Pontchartrain Works plant since 1970, nor was the facility equipped, in terms of manpower and equipment to do so. This fact is not contested by defendant and, in the *Keys* case, was considered by the court in rendering its decision. Plaintiffs have produced no evidence to contradict the fact that du Pont had and has employees who customarily perform hydroblasting work, albeit at facilities other than the one to which plaintiffs were assigned at the time of their injuries. The *Keys* decision makes it clear that "it is no bar to summary judgment that du Pont customarily contracts out hydroblasting operations at the LaPlace plant, *see Forno v. Gulf Oil Corp.*, 699 F.2d at [795] 797, or at other plants." at p. 7. It is sufficient that the principal's employees performed hydroblasting at its various other facilities. *Hodges v. Exxon Corp.*, 727 F.2d 450 (5th Cir.1984).

Plaintiffs further contend that the *Lewis* case, which was decided post-*Keys*, mandates a different conclusion than that reached by the *Keys* court. We disagree. In *Blanchard v. Engine & Compressor Services, Inc.*, 613 F.2d 65 (5th Cir.1980),

the Fifth Circuit held that the proper standard for determining the statutory employment issue was

"... whether the activity done by the injured employee or his actual immediate employer is part of the usual or customary practice of the principal ...

\* \* \* \* \* \*

More specifically, we should first consider whether the particular principal involved in the case customarily does the type of work performed by the contractor and whether the contractor's work is an integral part of the work customarily performed by the principal." 613 F.2d at 71.

The question of whether the *Lewis* decision changed the standard to be applied in determining the existence of a statutory employment relationship was answered in the recent case of *Hodges v. Exxon Corp.*, supra, in which the Fifth Circuit concluded:

"In our view, despite the differing language of the two tests, analysis of the problem under either is the same. Both tests require a factual determination of whether the actual scope of the work contract under which the alleged statutory employee performs his duties is within the nature and purpose of the principal's trade business or occupation." 727 F.2d at 453.

Indeed, the pertinent factors to be considered on this issue, as set forth in the *Lewis* decision, lead us to the inescapable conclusion that the work of plaintiffs' employer in the instant case is general maintenance work which by its nature allows the smooth and continued operations of the principal and, thus, falls within the scope of the statute. Likewise, we reject plaintiffs' contention that the case of *Benson v. Seagraves*, 436 So.2d 525 (La.1983) mandates a different conclusion. An identical argument was rejected by the Fifth Circuit in *Hodges v. Exxon Corp.*, supra.

We find that there is no genuine issue of material fact on the issue of whether du Pont was the statutory employer of plaintiffs herein. Based upon the facts of this

case, it is clear that hydroblasting is routine, customary and necessary for the continuance of du Pont's day-to-day operations; it is the type of routine maintenance work which allows the smooth continued operations of the principal. As such, hydroblasting is part of defendant's trade, business or occupation. Furthermore, there is no factual distinction between the *Keys* case and the instant case such as to warrant a different conclusion here. We hold that du Pont was the statutory employer of plaintiffs Willie Harris and Mack Burns and, thus, defendant is immune from tort liability.

Accordingly, and for the foregoing reasons the motion of defendant for summary judgment is hereby granted. The Clerk of Court is directed to enter judgment in favor of defendant du Pont and against plaintiffs Willie Harris and Mack Burns.