Alfred LARSON, Doris Larson, Gerald A. Nichols, and Century 21—Nichols Realty Co., Plaintiffs and Appellants,

v.

CONTINENTAL CASUALTY COMPANY, Defendant and Appellee.

No. 14898.

Supreme Court of South Dakota.

Considered on Briefs Oct. 21, 1985.

Decided Nov. 27, 1985.

Chester A. Groseclose of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for plaintiffs and appellants.

Derald W. Wiehl of May, Johnson, Doyle & Becker, Sioux Falls, for defendant and appellee.

WUEST, Acting Justice.

This is an appeal from a denial of coverage under an insurance policy and a grant of summary judgment in favor of insurer. We affirm.

Appellants Alfred and Doris Larson (Larsons), are equitable owners and appellant Gerald Nichols of Century 21—Nichols Realty Company is managing agent of an apartment building in Aberdeen, South Dakota. From July 15, 1981 through July 15, 1984, appellee Continental Casualty Company (Continental) was the insurer and Larsons were the named insureds on an insurance policy identified as "Encompass 77 Series Office, Apartment, Condominium Policy." Larsons are attempting to recover, under said policy, amounts incurred in settling and defending a racial discrimination action brought against them by Connie A. Bercier (Bercier), based on alleged violations of 42 U.S.C. § 1982, 42 U.S.C. § 3601 et seq., SDCL 20–13–20(1), and SDCL 20–13–26. Continental refused to defend the action by Bercier, on the grounds that the policy did not provide coverage for a racial discrimination claim. Larsons also seek recovery of attorney fees and costs incurred in the action, pursuant to SDCL 58–12–3. The circuit court granted summary judgment in favor of Continental, holding that Bercier's pleadings did not fall within the scope of coverage under the policy which provided coverage for "personal injury" which arises out of the "eviction or other

invasion of the right of private occupancy." We agree.

At the outset, we note that our review of summary judgments is governed by the standards set forth in *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968). *Tranby v. Brodock,* 348 N.W.2d 458 (S.D.1984). The moving party has the burden to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Worden v. Farmers State Co., Inc.,* 349 N.W.2d 37 (S.D.1984). Further, the evidence is to be viewed in a light most favorable to the nonmoving party. *First Security Bank, Morristown v. Skjoldal,* 90 S.D. 71, 237 N.W.2d 675 (1976). We believe appellees have met this burden.

Under the specific terms of the insurance policy in question, "personal injury" is defined as

injury arising out of one or more of the following offenses committed during the policy period:

(1) false arrest, detention, imprisonment, or malicious prosecution;

(2) wrongful entry or eviction or other invasion of the right of private occupancy;

(3) a publication or utterance

(a) of a libel or slander or other defamatory or disparaging material, or

(b) in violation of an individual's right of privacy;

except publications or utterances in the course of or related to advertising, broadcasting, publishing or telecasting activities conducted by or on behalf of the *Named Insured* shall not be deemed *Personal Injury.*

With regard to the construction of insurance policies, this court stated in *Grandpre v. Northwestern Nat. Life Ins. Co.,* 261 N.W.2d 804, 807 (S.D.1977):

[A] contract of insurance is to be construed liberally in favor of insured and strictly against the insurer only when the language of the contract is ambiguous and susceptible of more than one interpretation. Thus, the insurance contract's

language must be construed according to its plain and ordinary meaning. It does not permit the court to make a forced construction or a new contract for the parties.

*See also Strong v. State Farm Mutual Insurance Co.,* 76 S.D. 367, 78 N.W.2d 828 (1956); *Thompson v. State Auto Ins. Ass'n,* 70 S.D. 412, 18 N.W.2d 286 (1945).

■ The definition of "personal injury" as contained within the policy in question is unambiguous. Racial discrimination is not included in the policy definition of personal injury. Thus, it is our opinion that the trial court was correct when stating in its memorandum decision that "Bercier's pleadings do not fall within the language of the policy, when the clause is given its plain and ordinary meaning."

Unpersuasive is Larsons' assertion that the topical heading in the policy captioned "Additional Definitions" presupposes the intended existence of other meanings of the term "personal injury," as contained thereunder. Rather, the heading is used in an added endorsement to the primary policy, and refers to definitions of coverages not afforded in the basic policy, which covers only basic bodily injury and property damage.

■ Further, Larsons contend that the policy affords them coverage for Bercier's claim of racial discrimination because the "broad form comprehensive general liability extension endorsement" adds to the policy "contractual liability coverage" for liability incurred under an "incidental contract," which includes "any contract or agreement relating to the conduct of the Named Insured's business." While it may be true that Larsons could be held vicariously liable for the claim of racial discrimination because of their agency relationship, that proposition is not dispositive of the instant issue. No alleged contractual relationship existed between Bercier and Larsons or Larsons' agents. To the contrary, Bercier alleged:

7. On or about August 16, 1983, Defendants refused to show, refused to rent, refused to negotiate for the rental of, and otherwise make available, and denied to the Plaintiff a unit in the apartment building located at 25 West Melgaard Road and 111 West Melgaard Road, Aberdeen, South Dakota 57401, because the Plaintiff is Indian.

A fair review of the plain and unambiguous provisions of the policy reveals that the incidental contract provisions therein did not afford coverage for Bercier's claims.

Accordingly, the judgment of the trial court is affirmed.

FOSHEIM, C.J., and MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.