**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**WESTCHESTER INVESTMENT COMPANY, et al., Defendants.**

**No. CV 88–3137–RSWL.**

United States District Court, C.D. California.

March 3, 1989.

---

Keith E. Walden, Christine A. Roney, Spray, Gould & Bowers, Los Angeles, Cal., for plaintiff.

Joe Agapay, Pete Krupinsy, Agapay, Levyn & Halling, Los Angeles, Cal., John C. Burton, Pasadena, Cal., Alan M. Mund, Patrick O. Paterson, NAACP Legal Defense & Educational Fund, Los Angeles, Cal., for defendants.

## ORDER

LEW, District Judge.

Plaintiff State Farm Fire & Casualty Company ("State Farm") has filed a motion for partial summary judgment pursuant to Fed.R.Civ.Pro. 56(d). State Farm has also filed a request to take judicial notice in conjunction with the motion for partial summary judgment. The motions were originally set for hearing on February 27, 1989 but were taken off calendar pursuant to Fed.R.Civ.Pro. 78, for disposition on the papers. After careful consideration of all the papers filed in support of and in opposition to the motion for partial summary judgment and the request for judicial notice, the Court issues the following:

Plaintiff has requested that this Court take judicial notice of the following:

1. The complaint for damages and injunctive relief filed by Westside Fair Housing Counsel, Allan G. Lopez, Robert J. Beaumont and Robin A. Patrick in the Superior Court of California, County of Los Angeles, Case No. C 682 413; and

2. The complaint filed by the Westside Fair Housing Counsel, Robert J. Beaumont, Allan G. Lopez and Robin A. Patrick in this court, Case No. CV 88-0794 JMI.

Pursuant to Federal Rule of Evidence 201(b), the request for judicial notice will be granted only for purposes of the motion for summary judgment filed herein. While the complaints are judicially noticed, the truth of the arguments contained therein are not.

State Farm has additionally requested a judicial determination that they owe no duty to defend or indemnify defendants Westchester Investment Company ("Westchester"), Belford Park Apartments, Gutweiler–Woolley Properties, Inc. ("Gutweiler–Woolley"), Brice Duncan and/or Patricia Duncan in two actions filed against them entitled *Westside Fair Housing Counsel, et al. v. Westchester Investment Company, et al.* ("Fair Housing").[1] The Fair Housing actions are based upon the claim by the Westside Fair Housing Counsel ("WFHC") that the defendants engaged in race discrimination practices in renting the apartments at the 8730–8826 Belford Ave-

---

1. As mentioned previously, one action was filed in United States District Court, numbered CV 88-0795 JMI, while the other was filed in California State Court, numbered C682413.

nue, Los Angeles, California (the "Belford property").

■ State Farm seeks a determination that the policy in question affords no coverage for the claims being made by the WFHC or Robin Patrick ("Patrick"). Under Fed.R.Civ.Pro. 56(c), summary judgment is proper when the pleadings and discovery, read in the light most favorable to the non-moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aetna Casualty & Surety Co. v. Centennial Insurance Co.*, 838 F.2d 346, 350 (9th Cir.1988).

State Farm asserts that there are no claims for "bodily injury", "property damage" or "personal injury" as defined within the policy, as it pertains to WFHC. WHFC's claims in the Fair Housing actions allege, in sum, to have caused WHFC to suffer economic losses in staff pay, in funds expended in support of voluntary services, and in the inability to undertake other efforts to end unlawful housing practices. WHFC members have also allegedly suffered injury to their interests in establishing and maintaining a racially integrated community with housing equally available to all residents.

State Farm in contending that WFHC does not have a claim for bodily injury, personal injury or property damage, neglects to cite to any case law in their moving papers. Notably, State Farm also did not file any reply papers. By doing so, State Farm has neglected to meet their burden of proof. See, *Bolton v. U.S.*, 604 F.Supp. 1219 (D.C.Miss.1985) (on a motion for summary judgment the burden is on the movant to show that no genuine issue of material fact exists and all doubts are to be resolved against the movant); *Harris v. Du Pont De Nemours*, 600 F.Supp. 20 (D.C.La.1984).

■ The next issue raised by State Farm is whether Patrick's claims are covered by the policy in question. State Farm first argues that there can be no coverage for "bodily injury" as Patrick's claims are only for emotional distress. However, the appellate court in *Abellon v. Hartford Insur-*

*ance Company*, 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985) held that bodily injury can and does result from emotional distress and that the injuries sustained therefrom may be compensable. The *Abellon* court found that the physical manifestations of illness and injury caused by emotional distress constituted bodily injury. In this instance, Gutweiler–Woolley has highlighted testimony from Patrick's deposition that indicates physical manifestations of the emotional distress, i.e. dry throat, rise in body temperature and knot in stomach. While the Court will not weigh the merits or severity of those manifestations at this time, the physical manifestations are sufficient to indicate a "bodily injury."

■ State Farm also argues that Patrick suffered no "personal injury." Patrick's claims are based on the alleged denial of housing based upon race at the Belford property. The "personal injury" provision of the policy provides coverage for "wrongful entry or eviction, or other invasion of the *right of private occupancy.*" Defendants contend that the alleged discrimination in the letting of apartments falls within "the right of private occupancy."

The policy in question specifically states that coverage will extend when one or more of the following offenses committed in the conduct of the named insured's business:

a. False arrest, detention or imprisonment, or malicious prosecution;

b. The publication or utterance of a libel or slander or other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy except publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the named insured; or

c. Wrongful entry or eviction, or other invasion of the right to private occupancy.

The precise question before the Court is whether there was an invasion to Patrick's right of private occupancy when she was never an actual tenant. State Farm con-

tends that the right of private occupancy is a right enjoyed by current tenants and not prospective tenants. State Farm admits that there are no California cases on point. Furthermore, State Farm's reliance on the unpublished opinion of *Puritan Insurance Company v. 1330 Nineteenth Street Corp.* is misplaced.

Likewise, State Farm's reliance upon *Larson v. Continental Casualty Company*, 377 N.W.2d 148 (S.D. Supreme Ct.1985) is unpersuasive. The Court in *Larson* determined that racial discrimination was not included in the policy definition of personal injury without an explanation as to why. The *Larson* decision was criticized in *Gardner v. Romano*, 688 F.Supp. 489 (E.D.Wis.1988).

The *Gardner* case is exactly on point with the facts before this Court. There, prospective tenants brought an action against an apartment owner and manager for housing discrimination on the basis of race. The apartment insurer, State Farm Fire & Casualty Insurance Company, intervened and moved for summary judgment on the grounds that it did not have to defend because there were no possessory rights involved. In denying State Farm's motion, the district court held that an apartment policy providing comprehensive business liability coverage which enumerated coverage for personal injuries such as the "invasion of the right to privacy" imposed a duty on the insurer to defend the insureds who were sued for housing discrimination on the basis of race. "Personal injury" was defined to include claims for race discrimination by potential tenants which comported with the reasonable expectations of the insureds. *Id.* at 492.

Likewise, the facts before this Court indicate that a comprehensive policy was involved. The types of injuries enumerated in the policy in question are similar to those in *Gardner*. In following with the reasoning contained within *Gardner*, the Court finds that there is coverage for a "personal injury" stemming from a right to privacy held by a prospective tenant in this matter.

State Farm incorrectly asserts that there is no "occurrence" here that would trigger coverage. They contend that the intentional act of discrimination does not constitute an accident. See, *Commercial Union Insurance Company v. Superior Court of Humboldt County*, 196 Cal.App.3d 1205, 242 Cal.Rptr. 454 (1987) (where intentional acts are not "accidents"). However, an examination of the Fair Housing complaints reveal that there is possible liability against Westchester and/or Gutweiler–Woolley under a negligent supervision of the property managers. This type of recovery does not require intent and can therefore constitute an "accident" that is entitled to coverage.

The insurer's duty to defend is determined on the basis of the potential of liability as derived from facts contained in the complaint or other sources available to the insurer at the time of the defense is tendered. *CNA Casualty of California v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276 (1986). For the foregoing reasons, the Court finds that there is a duty to defend on the part of State Farm. As the duty to defend is broader than the duty to indemnify, the Court makes no determination of indemnification at this juncture.

IT IS HEREBY ORDERED:

State Farm's request to take judicial notice for the purposes of the motion for partial summary judgment is granted. Plaintiff State Farm Fire & Casualty Company's motion for partial summary judgment is denied.