967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BOLINAS COMMUNITY PUBLIC UTILITY DISTRICT, Plaintiff-Appellant,
v.
INSURANCE CO. OF NORTH AMERICA, Cigna Group, Defendants-Appellees.
BOLINAS COMMUNITY PUBLIC UTILITY DISTRICT, Plaintiff-Appellee,
v.
INSURANCE CO. OF NORTH AMERICA, Cigna Group, Defendants-Appellants.
 Nos. 90-16832, 91-15083.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided June 26, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bolinas Community Public Utility District appeals the summary judgment entered in favor of the Insurance Company of North America arising out of INA's refusal to defend two state court actions which alleged that plaintiff property owners lost the use of their property as a result of a water moratorium imposed by BCPUD. INA refused to defend because its policy covers only an "occurrence," defined as an "accident, including continuous or repeated exposure to conditions, which results in personal injury or property damage neither expected nor intended from the standpoint of the insured." The district court also dismissed BCPUD's claim under Cal.Ins.Code § 790.03 on the ground that liability had not yet been established in the underlying actions. INA cross-appeals the district court's refusal to find BCPUD's action barred under principles of res judicata or to apply collateral estoppel.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the judgment with respect to INA's duty to defend. We reverse dismissal of the § 790.03 and bad faith claims.
 
 
 4
 * BCPUD argues that the district court incorrectly required it to prove an "accident," rather than merely the potential for coverage, and that even if the moratorium were intentional, INA had a duty to defend under its "accident" coverage because the intentional act caused unintended damage of the type insured against. It also urges that, in any event, the water moratorium was only one of many facts alleged by the underlying plaintiffs as causing property damage or personal injury.
 
 
 5
 The district court properly recognized that a carrier "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." Gray v. Zurich Ins. Co., 54 Cal.Rptr. 104, 113 (Cal.1966). BCPUD had to show a potential for coverage in the facts upon which the underlying actions were based, Royal Globe Ins. Co. v. Whitaker, 226 Cal.Rptr. 435, 437 (Cal.Ct.App.1986), but none of these facts suggests accidental conduct.
 
 
 6
 In construing the language of an insurance policy, a court should give the words used their plain and ordinary meaning, unless the policy clearly indicates to the contrary. When the language is clear, a court should not give it a strained construction to impose on the insurer a liability it has not assumed.
 
 
 7
 St. Paul Fire & Marine Ins. Co. v. Superior Court, 208 Cal.Rptr. 5, 7 (Cal.Ct.App.1984) (quoting Giddings v. Industrial Indemnity Co., 169 Cal.Rptr. 278, 280-81 (Cal.Ct.App.1980)). "In its plain and ordinary sense, 'accidental' means 'arising from extrinsic causes[;] occurring unexpectedly or by chance[; or] happening without intent or through carelessness.' " Id. (quoting Webster's Ninth New Collegiate Dictionary 49 (1983)). The moratorium, deliberately imposed, was neither unexpected, unintended, nor negligent.
 
 
 8
 That some of the harm may have been unexpected or unintended cannot bring the moratorium within INA's coverage. See, e.g., Royal Globe, 226 Cal.Rptr. at 437-38 (complaint alleging fraud does not suggest an "accident" even if the insured did not intend the resulting harm). California courts have held that "accident" provisions similar to INA's do not cover liability for wrongful termination or sexual misconduct, even if the harm from these intentional acts was neither expected nor intended. See, e.g., Loyola Marymount Univ. v. Hartford Accident & Indem. Co., 271 Cal.Rptr. 528, 532 (Cal.Ct.App.1990) (priest's Title VII claim did not trigger coverage under provision substantially identical to that here, even though claim could have been based on unintentional disparate impact, because school's official practice of denying employment to married Catholic priests was intentionally implemented); Merced Mut. Ins. Co. v. Mendez, 261 Cal.Rptr. 273, 279-80 (Cal.Ct.App.1989) (sexual assault not covered by "accident" coverage; "[a]n accident ... is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforeseen happening occurs that produces the damage").
 
 
 9
 Cases finding coverage relied upon by BCPUD are distinguishable. City of Mill Valley v. Transamerica Insurance Co., 159 Cal.Rptr. 635 (Cal.Ct.App.1979), involved liability for a landslide under a new, broadened concept of inverse condemnation which encompassed unintended damage, not the traditional variety asserted in this case in which the damage is the "anticipated, but regrettable, incident of a public project or purpose." See id. at 637. In Gardner v. Romano, 688 F.Supp. 489 (E.D.Wis.1988), the court found a duty to defend a housing discrimination claim based on a policy covering "personal injury" not "accidents." Lassen Canyon Nursery, Inc. v. Royal Insurance Co. of America, 720 F.2d 1016 (9th Cir.1983), did not discuss coverage for an "accident." An "occurrence-accident" policy was found ambiguous in Tews Funeral Home, Inc. v. Ohio Casualty Insurance Co., 832 F.2d 1037 (7th Cir.1987), because another term, "advertising offense," was in the coverage provision. State Farm Fire & Casualty Co. v. Westchester Investment Co., 721 F.Supp. 1165, 1168 (C.D.Cal.1989), found that a complaint alleging housing discrimination triggered a duty to defend under an "accident" policy because, unlike this case, there was the possibility of recovery for negligent supervision. And Ethicon, Inc. v. Aetna Casualty and Surety Co., 737 F.Supp. 1320, 1326 (S.D.N.Y.1990), imposed a duty to defend antitrust claims under a policy which defined "occurrence" broadly as an "event ... which unexpectedly causes injury," not as an "accident."
 
 
 10
 Nor do other facts alleged in the underlying actions trigger a duty to defend. The only allegation that comes close is the plaintiffs' claim that their procedural due process rights were violated by failure to give notice of the public meeting at which the moratorium was enacted, despite the affidavit of BCPUD's board president that notice had been published. Even if this implies an accidental omission, it does not alter the fundamental nature of the plaintiffs' claims for economic harm resulting from the moratorium. See Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1365 (9th Cir.1991) (no duty to defend claims for breach of quasi-marital contract, even where second amended complaint alleged negligence cause of action, because that complaint gave no explanation of the nature of the negligence claim and "factual core" of original allegations was intentional acts); Loyola Marymount, 271 Cal.Rptr. at 532 (no duty to defend even though theoretically possible plaintiff could assert unintentional adverse impact under Title VII). The district court accordingly did not err in holding that no accident is suggested by the underlying claims.
 
 II
 
 11
 BCPUD argues that the district court should not have granted summary judgment on its bad faith claim, and erred in dismissing its claim for violation of Cal.Ins.Code § 790.03.
 
 
 12
 We agree that the § 790.03 claim should not have been dismissed on the ground relied upon by the district court--that Moradi-Shalal v. Fireman's Fund Insurance, 250 Cal.Rptr. 116, 133 (Cal.1988)), requires a prior determination of the insured's liability. Moradi-Shalal only requires that liability be determined when a third party asserts a bad faith claim against the insurer. See Continental Casualty Co. v. Royal Ins. Co. of Am., 268 Cal.Rptr. 193, 201 (Cal.Ct.App.1990); Zephyr Park, Ltd. v. Superior Court, 262 Cal.Rptr. 106, 111 (Cal.Ct.App.1989). We therefore reverse dismissal of the statutory claim.
 
 
 13
 Because the district court did not address BCPUD's claim for breach of the duty of good faith and fair dealing, we cannot tell why judgment was granted. Arguably, some parts of BCPUD's complaint, for example allegations that INA failed to acknowledge coverage and defend and investigate promptly, cannot survive the absence of coverage. See Hydro Sys., Inc. v. Continental Ins. Co., 929 F.2d 472 (9th Cir.1991) (bad faith claim for failing to investigate fails when coverage unambiguously barred); Continental Casualty Co. v. City of Richmond, 763 F.2d 1076 (9th Cir.1985); Horsemen's Benevolent & Protective Ass'n, Inc. v. Insurance Co. of N. Am., 271 Cal.Rptr. 838 (Cal.Ct.App.1990). Other allegations, however, may be independent of coverage, for example, that INA failed to provide BCPUD with copies of policies. See Sarchett v. Blue Shield, 233 Cal.Rptr. 76, 86 (Cal.1987) (covenant of good faith, dicta); Liberty Transp., Inc. v. Harry W. Gorst Co., 280 Cal.Rptr. 159, 174 (Cal.Ct.App.1991) (§ 790.03 claim), disapproved on other grounds, Adams v. Murakami, 284 Cal.Rptr. 318, 324-25 (Cal.1991); Travelers Ins. Co. v. Lesher, 231 Cal.Rptr. 791, 800-01 (Cal.Ct.App.1986) (same). Because there is no basis upon which we can affirm judgment on the bad faith count, judgment as to it must also be reversed.
 
 III
 
 14
 BCPUD also argues that summary judgment should not have been entered in the face of its Fed.R.Civ.P. 56(f) request for further discovery. We see no abuse of discretion on this or other discovery points, Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987), as there is no indication that further discovery would have adduced any facts tending to show that BCPUD's conduct was an "accident." See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) ("Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.").
 
 IV
 
 15
 INA's cross-appeal challenges the district court's refusal to apply res judicata and collateral estoppel. We do not need to reach these issues because they bear only on INA's duty to defend. See Corral v. State Farm Mut. Auto. Ins. Co., 155 Cal.Rptr. 342, 345-47 (Cal.Ct.App.1979) (arbitration award in favor of insured on uninsured motorist claim did not preclude subsequent action by insured for bad faith, because issues in proceedings were different).
 
 
 16
 Each party shall bear its own costs.
 
 
 17
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3