MEMORANDUM *
Plaintiff Wanda Sell is a trustee and senior beneficiary of a trust that includes a ranch. Rigoberto Ocegueda is a residual beneficiary of the trust. Ocegueda filed a petition in state court seeking an order removing Sell as trustee and directing the trustee to provide him with possession and control of the ranch. In the petition, Oce-gueda alleged that Sell failed to meet the trust’s conditions to receive the ranch. There is no evidence that Ocegueda had been physically present on or physically possessed the ranch since the trust was established. The trust held liability coverage on the ranch (as part of a Farmowner’s Policy) with Defendant Nationwide Insurance Company (“Nationwide”). The policy provides endorsements for both personal and advertising injury liability and property damage.
Sell tendered defense of Ocegueda’s suit to Nationwide. Nationwide refused to defend the suit. Sell then sued Nationwide in California state court in her personal capacity and in her capacity as trustee. Nationwide removed the case to federal *742 court under 28 U.S.C. § 1441(b).[1] Sell alleges breach of contract and breach of the implied covenant of good faith and fair dealing; she seeks damages and declaratory relief. The district court granted summary judgment to Nationwide. Sell timely appealed.
We review the district court’s grant of summary judgment de novo and apply the substantive law of California. Conestoga Servs. Corp. v. Exec. Risk Indem., Inc., 312 F.3d 976, 980-81 (9th Cir.2002). We reverse in part.
1. The trust’s policy includes coverage for claims of personal injury resulting from “[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.” This language is part of a standard form comprehensive general liability policy. Nationwide argues that Oeegueda’s claim is not covered because he did not physically possess the ranch. We hold that it is at least ambiguous that the policy covers Ocegueda’s claim. See Bank of the W. v. Super. Ct., 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545, 552 (1992).
Nationwide does not dispute that if the policy did not include the limitation “that a person occupies,” that under California law the policy could implicate invasions of more than just the right of possessory occupancy. Indeed, many cases interpreting the “right of private occupation” without the “occupies” limitation have held that the right of private occupation provides liability protection for claims alleging a broad range of interferences. See, e.g., Martin Marietta Corp. v. Ins. Co. of N. Am., 40 Cal.App.4th 1113, 47 Cal.Rptr.2d 670, 683 (1995) (requiring coverage of actions against insured to remediate groundwater and other environmental contamination); State Farm Fire & Cas. Co. v. Westchester Inv. Co., 721 F.Supp. 1165, 1168 (C.D.Cal.1989) (requiring coverage of actions based on racial discrimination claim brought by prospective tenants against insured).
Nationwide argues that the addition of the phrase “that the person occupies” to the policy is sufficient under California law to unambiguously require actual physical possession by the third-party claimant. A North Carolina court has rejected this argument. See Hobbs Realty & Constr. Co. v. Scottsdale Ins. Co., 163 N.C.App. 285, 593 S.E.2d 103, 108 (2004). In that case, the third-party claimants had acquired a right to occupy the premises by acquiring a lease, but never actually occupied the premises because the insured refused to provide them with a key to gain entry into the premises, allegedly for racially discriminatory reasons. Id. at 105. The court held that “the proper inquiry is not whether a party has physically assumed control of the property, but whether he has obtained a legally enforceable right to do so.” Id. at 108. Similarly, a California Court of Appeal has explained that the “occupies” limitation “clarif[ies] that the wrongfulness of the ejection must consist in, or attach to, an invasion of the right of occupation.” Zelda, Inc. v. Northland Ins. Co., 56 Cal.App.4th 1252, 66 Cal.Rptr.2d 356, 364 (1997) (emphasis added); Hon. H. Walter Croskey et al., Rutter Grp., California Practice Guide: Insurance Litigation 117:1073.3 (2011) (defining “occupies” in the limitation as “the person had the right to occupy real property, as owner or tenant”). We conclude that it is at least *743 arguable that the “occupies” limitation does not require the third-party to physically possess the property.
Although this policy defines “unoccupan-cy” or “unoccupied,” this definition is insufficient to establish that “occupies” or “occupancy” requires a third party’s physical possession.
Nationwide also argues that the “occupies” limitation is rendered redundant if it is interpreted to not require physical possession. We disagree because other courts have identified several possible meanings of this clause. One possible explanation is that the “occupies” phrase is included to unambiguously exclude suits brought by prospective residents asserting racial discrimination in housing. See Powell v. Alemaz, Inc., 335 N.J.Super. 33, 760 A.2d 1141, 1147 (N.J.Super.Ct.App.Div.2000); Kings Pointe Apts. v. State Farm Fire & Cas. Co., 145 F.3d 1331, 1998 WL 279371, at *2 n. 1 (6th Cir.1998) (unpublished table decision). Another rational explanation is that the phrase clarifies “that the offense would only apply to landlord-tenant disputes” and not to “suits by neighboring landowners for nuisance and trespass claims.” Matthew Bender, California Insurance Law & Practice § 49.60 (2012). The Seventh Circuit has commented that the “occupies” phrase attempts “to refine the nature of the prerequisite ‘right’ of private occupancy” to “exelude[] at least unapproved sub-lessees.” United States v. Sec. Mgmt. Co., Inc., 96 F.3d 260, 265 (7th Cir.1996). We need not decide which of these meanings, if any, is correct; we provide these illustrations to demonstrate that Nationwide’s reading is not the only reasonable interpretation to avoid making “occupies” surplusage.
2. Because Nationwide had a duty to indemnify under the policy’s personal liability coverage, Nationwide had a duty to defend. Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792, 795 (1993) (“[T]he duty to defend is broader than the duty to indemnify.”).
3. The property damage section of the insurance policy explicitly protects only property damage which is caused by an “accident.” “Under California law, the word ‘accident’ in the coverage clause of a liability policy refers to the conduct of the insured for which liability is sought to be imposed on the insured.” Delgado v. Interins. Exch. of the Auto. Club of S. Cal., 47 Cal.4th 302, 97 Cal.Rptr.3d 298, 211 P.3d 1083, 1088 (2009). To determine whether an act was an accident, the relevant question is whether the insured intended to “commit the act giving rise to liability,” not whether the insured intended “to cause the consequences of that act.” Collin v. Am. Empire Ins. Co., 21 Cal.App.4th 787, 26 Cal.Rptr.2d 391, 403-04 (1994). Sell does not identify any accidental conduct on her part. Therefore, the property damage section of the policy does not provide liability coverage for Ocegueda’s claim.
4. Sell alleges breach of the implied covenant of good faith and fair dealing and seeks punitive damages. An insurer does not act in bad faith if it •withholds benefits based on a legitimate dispute as to liability. Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1123 (9th Cir.1999) (applying California law); Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269, 31 Cal.Rptr.2d 433, 440 (1994). Because we hold that it was ambiguous whether the policy covered Ocegueda’s claim, we further hold that Nationwide’s refusal to cover the claim was not in bad faith. Because Nationwide did not act in bad faith, “punitive damages are unavailable.” Am. Cas. Co., 181 F.3d at 1123.
Accordingly, we reverse the district court’s grant of summary judgment to Nationwide on the breach of contract claim and hold that Nationwide has a duty to *744 defend and to indemnify the trust under the policy’s coverage for personal and advertising injury liability. We affirm the district court’s grant of summary judgment to Nationwide on Sell’s bad faith claim and request for punitive damages. Plaintiff-appellant shall recover her costs on appeal from defendant-appellee.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are diverse and the amount in controversy requirement for diversity jurisdiction is met.